WESTERN DIST.
*September*, 1834.

SAVOIE
*vs.*
IGNOGOSO.

*Margin note:* the intention of the legislature must be evident and clearly expressed. It cannot command obedience to laws affecting the obligation of contracts entered into before their passage.

It is not necessary that the money required to defray the expenses of discussion of property, be tendered at the time of filing the plea; it is sufficient if the money be deposited in court in pursuance of an order directing it to be done within a specified time.

7 L 281
45 283

## SAVOIE *vs.* IGNOGOSO.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A suit for a separation from bed and board, is in the terms and meaning of the law, an *action of divorce*.

The exception to the general rule of evidence contained in the 2260th article of the La. Code, by the third section of the act of 1827, relative to divorces, is not restricted to either species of divorce, but applies to both.

WESTERN DIST. The action of separation from bed and board, in all cases, leads to a divorce
September, 1834.   a vinculo matrimonii.

SAVOIE
vs.
IGNOGOSO.

So in a suit for a separation from bed and board, by the wife against the husband, with a view to a divorce, the children of the plaintiff, both majors and minors, are competent witnesses to testify in her behalf.

This is an action for a separation from bed and board, *and a divorce*, instituted by the plaintiff against the defendant, her husband, on account of cruel treatment, excesses, outrageous conduct towards her, and hatred and neglect of her, to such a degree as to render living together insupportable. She alleges that the defendant has received large amounts of her property, and that of her children, which they inherited, and her portion of the community which existed between her and her *late* husband; and she fears the said defendant intends to leave the state, without returning, or giving up, or paying for said property; she, therefore, prays for an injunction, to restrain and compel him to deliver up said property, &c.; " and that she be entirely separated in bed and board and in property from the said defendant, and restored to the full administration of the same, &c.": " and she represents that the present suit is brought *with a view to an ultimate divorce after the time fixed by the law relative to divorces, &c.*"

The defendant pleaded a general denial; admitted the marriage, but alleges he has always treated the plaintiff kindly, and if ever any dispute arose between them, it was of a very trifling nature: He charges that his wife has left him and commenced this suit without any just cause, and as he believes, at the instigation of some person, who has intermeddled in his domestic affairs. He prays that her demand be rejected, &c.

On an application of the plaintiff in a supplemental petition, she had her daughter's house and home assigned as her residence during the pendency of the suit, with an allowance of thirty dollars per month for her board, to be paid monthly in advance by the defendant.

On the trial, the plaintiff's counsel under the provisions of the act of 1827, relative to divorces, called several of her children by her first marriage, both majors and minors, as

witnesses to prove the allegations in her petition, relative to cruel treatment of herself and her children by defendant, and of his being guilty of excesses and outrages of such a nature as to render their living together insupportable.   The defendant's counsel objected to the admission of the witnesses, as incompetent on the ground of their relationship to the plaintiff, which objection was sustained, and the plaintiff's counsel took his bill of exceptions.

The jury on hearing the other testimony adduced by the parties, returned a verdict for the defendant.   After an unsuccessful attempt to obtain a new trial, and judgment being rendered in conformity to the verdict, the plaintiff appealed.

*Bowen* for the plaintiff.

*Lewis* for the defendant.

1. Plaintiff's children cannot be witnesses on her behalf, unless the action be one of divorce.

2. The act authorising the children of parties to actions of divorce to testify, is in derogation of the general law of evidence and must be strictly construed. .

3. This is only an ordinary action for a separation from *bed and board*, and a new suit must be instituted, to obtain a divorce.   *La. Code*, 2260, *acts*, 1827, *p.* 130.

*Simon* on same side.

1. Contended that the new rule of evidence, introduced by the third section of the divorce act of 1827, in which descendants and ascendants were made competent witnesses for each other, only applied in cases of divorce.

2. This is a suit for a separation of bed and board, and not an action of divorce, consequently the provisions of the divorce act, relative to the rules of evidence, do not apply.

3. The suit for a separation of bed and board must first be decided, and a separation obtained, before an action of divorce can be commenced.   It is only in the latter suit, that the children of the plaintiff can be called as witnesses.

*Mathews J.,* delivered the opinion of the court.

This is a case in which a wife claims a divorce from her husband, in pursuance of the provisions of the act of the legislature, passed in 1827, in relation to the separation of married persons.

The petitioner claims a separation of property, and divorce from bed and board, on account of excesses, cruel treatment, and outrages committed on her by her husband; alleging that her intention is to obtain finally, a divorce from the bonds of matrimony.

To prove the alleged outrages, she offered as witnesses some of her children, who were excepted to as incompetent, and the exception was sustained by the court below; and to the opinion by which these witnesses were rejected a bill of exceptions was taken, &c. Judgment was rendered against the plaintiff, from which she appealed.

The examination of this bill of exceptions requires from this court (for the first time) an interpretation or construction of the act of the legislature, on which this action is founded. The only question, however, for solution, relates to the competency of witnesses to testify for or against their ascendants or descendants. As a general rule, they are rendered incompetent by the art. 2260 of the Louisiana Code, and unless an exception to this rule be found in the act under consideration, the judge *a quo* acted correctly in rejecting the witnesses offered on the part of the plaintiff, in the present case.

The causes for which divorces may be claimed, as specified in the law, are adultery, excesses, cruel treatment or outrages, condemnation to an ignominious punishment, and abandonment. These causes are all laid down in the eleventh section of the act. The second establishes the tribunals for the trial of cases in which divorces are claimed: And the third provides that "all actions of divorce shall be tried as all other cases, *provided,* that no witness summoned by the parties, shall be declared incompetent under the pretence of their being the allies or relations of either plaintiff or defendant.

If these sections of the law stood alone, no doubt could be entertained of the section last cited, enacting an exception to

the general rule of competency established in relation to ascendants and descendants : Otherwise the proviso will be without effect. But the fourth section of this act, is expressed in the following terms : "Except in cases where the husband or wife may have been sentenced to any infamous punishment, or convicted of adultery, as provided for in the first section of this act, no divorce shall be granted, unless a judgment of separation from bed and board, shall have been previously rendered between the parties, and unless two years shall have expired from the date of the judgment of separation from bed and board, and no reconciliation may have taken place ; *provided,* that in the cases excepted above, a judgment of divorce may be granted in the same decree, which pronounced the separation from bed and board.

This section, unless its provisions be clearly contrary to those of the preceding sections, cannot, according to any just interpretation of laws, abrogate the rules established by them. The meaning and tenor of the whole law, taken together, appears to us to be applicable to either species of divorce, as well that which goes no farther than a separation from bed and board, in its primary effects, as that which at once dissolves the bonds of matrimony. The former is as complete a separation of the parties to the matrimonial engagement as the latter, with the exception that no new marriage of either could be legally made. The claim of separation from bed and board, is in the terms of the law, an action of divorce, and the exception contained in the proviso of the third section, to the general rule of evidence established by the Code, is not restricted to either species of divorce; it therefore, embraces both. The action of divorce, which has for its object a separation from bed and board, will, in all instances, tend to a final and absolute discharge of the *parties ab vinculo matrimonii,* and leads directly to that result, in the event of no reconciliation, within the time limited by law. The first intention of the legislature, seems to be an offer of relief to the injured party, from outrages repugnant to the feelings of humanity, and ultimately to place the sufferer in a situation to form a more congenial matrimonial connection. But, if

A suit for a separation from bed and board, is, in the terms and meaning of the law, an *action of divorce.*

The exception to the general rule of evidence contained in art. 2260 of the La. Code, by section 3 of the act of 1827, relative to divorces, is not restricted to either species of divorce, but applies to both.

The action of separation from bed and board, in all cases leads to a divorce *a vinculo matrimonii.*

WESTERN DIST.
*September*, 1834.

the construction assumed by the court below, be adopted, a principal means of arriving at the final result, contemplated by the legislature and authorised by the law, will be rendered void and utterly unavailing. By allowing the parties an opportunity for reconciliation, we do not believe that the law makers intended to destroy the means of relief previously held out to a suffering husband or wife.

So in a suit for a separation from bed and board by the wife against the husband, with a view to a divorce, the children of the plaintiff, both majors and minors, are competent witnesses to testify in her behalf.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and that the cause be remanded to said court, to be tried *de novo*, with instructions to the judge, to permit the children of the plaintiff, to testify in this case. And it is further ordered, that the appellee pay the costs of this appeal.