BERNDT et al. v. KLOSS et al.   (No. 8297.)

(Court of Civil Appeals of Texas. Galveston.
June 29, 1922.  Rehearing Denied
June 12, 1924.)

1. **Schools and school districts** ⨪37(3)—**Petition to divide school district held sufficient as against exceptions.**

   In a proceeding to divide a school district, petition *held* sufficient as against exceptions.

2. **Pleading** ⨪214(2, 4)—**General demurrer admits truth of every well-pleaded allegation and every reasonable deduction therefrom.**

   A general demurrer admits the truth of every well-pleaded allegation and reasonable deductions therefrom.

3. **Schools and school districts** ⨪37(1)—**Jurisdiction of court, once attached, not ousted by attempted division by county trustees.**

   In a proceeding to divide a school district where the court had assumed jurisdiction of the subject-matter and of the parties prior to an attempted division of the district by county trustees such division did not oust the court of jurisdiction.

4. **Courts** ⨪475(1)—**Tribunal first acquiring jurisdiction retains it until determination by its authority.**

   The tribunal first acquiring jurisdiction of a controversy within the scope of its powers retains it for all purposes until final determination thereof by its own authority.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Proceeding by Emil Berndt and others against F. C. Kloss and others. From an order of dismissal, plaintiffs appeal. Reversed and remanded.

C. G. Krueger, of Bellville, for appellants.

W. W. Searcy, of Brenham, and Johnson, Matthaei & Thompson, of Bellville, for appellees.

W. W. Hawkins, Asst. Atty. Gen., for Educational Department.

GRAVES, J.  In this proceeding appellants, plaintiffs below, representing themselves to be residents and property taxpayers in common school district No. 25 of Austin county, Tex., as well as patrons of its school and qualified voters of the county, sued both the trustees of that district and the board of county trustees of the county, asking that the district be divided into two districts. Both sets of trustees answered, averring that the county board had, prior thereto and within two days after the filing of the suit, divided the district in all respects as appellants had prayed for, and asked that no further proceedings be taken against them in the matter, and that they go hence with their costs.

Subsequently certain other resident taxpayers of the district and patrons of the school located therein intervened in the cause by permission of the court, resisted appellants' effort to have the district divided, and, among other pleadings, filed general and special exceptions to the petition of the plaintiffs whereby the division was sought.

On a hearing before the court, after the motion of plaintiffs to strike out the plea of intervention, as well as their exceptions of both kinds to it, had been overruled, the general and special demurrers alike of the interveners to the original petition of plaintiffs were sustained, and their suit dismissed; from that order they present this appeal.

The demurrers of interveners thus held good, in net effect, amount to two general ones leveled at the entire cause of action and one special one directed alone to paragraph 4 of the petition. This paragraph merely charged that district 25 was not lawfully created in the beginning, obviously an immaterial matter as concerned the cause of action for a division of the district as in fact existent at the time of the suit; so the sole question presented by the appeal is, Did the petition allege a good cause of action, or facts sufficient to entitle appellants to a trial upon the matters they adduced?

[1] We conclude that the inquiry should be answered in the affirmative. As before stated, both the county and district boards of trustees were sued, but the specific declaration appears to be directed against the former only. Omitting the recitations as to the status of the plaintiffs, paragraph 4 above referred to, and the prayer, the petition is as follows:

"3. Plaintiffs further represent unto the court that the defendants herein constitute the county board of school trustees in and for Austin county, Tex., and that heretofore on or about the 15th day of March, A. D. 1919, the said county board of school trustees in and for Austin county, Tex., subdivided common school district No. 3 of Austin county, Tex., and created new common school district out of the same, and, among the common school districts so created out of said common school district No. 3 by said county board of trustees, it undertook to create and establish what is known as Ives Creek common school district No. 25 of the aforesaid county, which said common school district is defined by metes and bounds, a copy of which said field notes is hereto attached marked 'A' and made a part hereof."

"5. Plaintiffs further represent unto the court that said common school district No. 25 as sought to be created and established by said county board of school trustees, as aforesaid, is over seven miles long and about two to two and one-half miles wide, and contains an area of over 20 square miles of territory; that the children of scholastic age who reside at each end of said district will have to walk from three to four miles to attend school, as the

county board of trustees as well as the state superintendent of public instruction and the state board of education have determined and decreed that but one school for white children shall be maintained within said district, and the plaintiffs and their children are all white persons.

"6. Plaintiffs further show unto the court that said common school district is located in a low, flat, black land country where water in the winter and spring, and especially in the rainy season of the year, stands, as the drainage is very meager, and that the little children would have to walk through water, mud, and slush most of the time during the school term in order to attend school, all of which will cast a great hardship and a great inconvenience upon the children of scholastic age residing within said common school district, and would be denying them a proper education by hindering them from attending school regularly, and will expose them to colds and disease and endanger their lives.

"7. Plaintiffs further represent unto the court that the county board of school trustees, aided and abetted by the county superintendent, created and established said common school district No. 25 with a total disregard for the interest, welfare, and convenience of a great number of the scholastic age residing within the said common school district, but wholly at the behest of a few people who would be directly benefited by having the school within said district located near their respective homes in order that their children may enjoy the convenience of school close to their homes, and to enhance the value of their property at the expense and to the detriment of the school children of scholastic age who reside at each end of said district.

"8. Plaintiffs further show to the court that on or about the 3d day of May, A. D. 1920, they presented to the county board of trustees a petition praying for a division of said common school district, and to create two districts out of the same with a view and for the purpose of obviating the hardships that are cast upon the children of scholastic age residing at each end of said district as aforesaid, and for the purpose of giving all the children within scholastic age residing within said district every possible convenience to regularly attend school, as well as taking the interest and welfare of the children into consideration, but that said county board of trustees, being under the false impression that they could not legally divide said district into two districts, refused to grant said petition and that the state superintendent as well as the state board of education refused to reverse the decision of said county board of trustees, and plaintiffs, having exhausted their remedy of appeal, now bring this suit to review and correct the action of the county board of trustees in refusing to divide said common school district No. 25.

"9. Plaintiffs further represent unto the court that the petition so presented to the county board of school trustees by plaintiffs on the ―― day of ――, 1920, asking for a division of the common school district, embraces the field notes of each district sought to be created out of said common school district No. 25, a copy of which field notes is hereto attached marked 'B' and made a part hereof; a copy of said petition is not available and cannot be attached hereto because same is in possession of the defendants.

"10. Plaintiffs further represent unto the court that said common school district No. 25 contains over 20 square miles of territory, and the same can be divided into two districts so that each district will have the required number of square miles and each district will be more nearly in a square, as contemplated by law, and will redound to the interest of the children of each of said districts if the same be divided into two districts."

[2] For the purpose of testing the sufficiency of a pleading a general demurrer admits as being true every well-pleaded allegation therein contained and every reasonable deduction that may be drawn therefrom. When such a test is applied here we have no doubt that the quoted petition stated a good cause of action. It requires no extended discussion nor citation of authorities to make clear the conclusion that, if true, the facts thus set forth furnished sufficient basis for the relief sought; the mere statement of them imports as much; that in such circumstances as are there detailed it would amount to an abuse of their official discretion and duty to allow the board of county trustees to continue so maintaining the school district as then constituted goes without saying.

[3, 4] Indeed, the only justification for the court's action offered by the appellees in their brief filed here is the division of the district by the county trustees themselves, independent of the court, two days after the filing of appellants' suit, which they invoked under their demurrers. They say the subject-matter of the controversy was thus taken away, leaving nothing before the court except the mere matter of costs, but in our opinion that contention cannot be upheld. The court had assumed jurisdiction of the subject-matter and of the parties prior to the attempted independent action of the trustees, and it was neither ousted nor lost by their private procedure apart; the appellants had presented as facts matters entitling them to have a division under the direction and through the power of the court, and once the court had acquired jurisdiction for that purpose, and assumed to act in the matter, its authority could not be taken away by the attempt of some of the defendants to render ineffective any adjudication it might make. It is familiar law that the tribunal first acquiring jurisdiction of a controversy within the scope of its powers retains it for all purposes until final determination thereof by its own authority.

From these conclusions it follows that the judgment must be reversed, and the cause remanded. In entering that order, the suggestion is made to the court below that on another trial the cause be consolidated with No. 8268 in this court, styled M. C. Pfeffer

et al., Appellants, v. Herman Mahnke et al., appellees, which has also just been reversed and remanded. 260 S. W. 1031.

Reversed and remanded.