GRAWUNDER et al. v. STRAVOSKI et al.*

(No. 8492.)

(Court of Civil Appeals of Texas. Galveston. June 19, 1923. Rehearing Denied Oct. 4, 1923.)

1. Courts ⬤⟞476—Trial court held unauthorized to act on subject-matter of suit pending on appeal.

Where a cause, appealed from the trial court in which the present suit was instituted, was pending in the Court of Civil Appeals to determine whether a school district had legally been divided, the trial court was, in the present suit, without authority to take any action, or make any order touching the subject-matter of that controversy.

2. Schools and school districts ⬤⟞53(5)—School trustees' abandonment of claim to office for 2½ years did not entitle such trustees to ask court of equity to oust in their favor, others acting as such trustees.

Where three of the trustees of a school district, from the time of an asserted division, abandoned claims to being trustees, and not only had not further acted in that capacity, but had treated the old district as no longer existing, and the other appellants had either acquiesced in or participated with them in this course of conduct, they were not entitled, 2½ years later, to ask a court of equity to oust in their favor the others, who were acting as trustees for the former district, whether rightfully so or not.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by Albert Grawunder and others against Lit. Stravoski and others. From the judgment rendered, plaintiffs appeal. Affirmed.

C. G. Krueger, of Bellville, for appellants.
Johnson, Matthaei & Thompson, of Bellville, for appellees.

GRAVES, J. Appellants, in the capacity of taxpaying voters residing within original common school district No. 25 of Austin county, Tex., in this proceeding sought an injunction against the appellees, three of whom were alleged to be usurping the functions of school trustees for the district mentioned, and one of whom was alleged to be the county school superintendent of the county, alleging that original district 25 had been, on August 2, 1920, properly divided into two districts, common school districts Nos. 25 and 28 of Austin county; they further charged that the first mentioned three appellees had no right to assume to act as trustees for original district 25, as they were undertaking to do, and that the county superintendent was without authority to recognize them as such, which he had done, and further, that in pursuance of such recognition of them he was threatening to and was about to approve a voucher in the sum of $1,200 to pay for a building erected on land within original district 25 belonging to appellee F. W. Kaechele, which would constitute a misapplication of funds.

It was further averred that subsequent to the alleged division of the district on August 2, 1920, different ones of the appellants had been at different times duly elected, and had regularly qualified as, school trustees for the two new districts, Nos. 25 and 28, respectively, and in the alternative it was further alleged that if for any reason the division referred to should be held not to have been validly made, then three of their number, to wit, M. C. Pfeffer, Gus Stahlbaum, and Gus Stamnitz were the legally elected, qualified, and acting trustees of original district No. 25 on August 2, 1920, and that they were still such officers, and entitled to be so recognized.

Appellants prayed that the three appellees referred to, Lit. Stravoski, F. W. Kaechele, and Emil Ueckert, be restrained from usurping or attempting to exercise authority as school trustees of original district 25; that the county superintendent, H. A. Ripple, be enjoined from recognizing them as such, and from approving any voucher for or paying out any money belonging to such district for any building therein or elsewhere, and that he be compelled to recognize the new districts Nos. 25 and 28 as so created by the school board of trustees for the county on August 2, 1920, and M. C. Pfeffer, Ed Grawunder, and Albert Grawunder as trustees of district 28, and Gus Stahlbaum, Gus Stamnitz, and Henry Ottmer as trustees of district 25, or, in event the division of the district was held to have been invalid, M. C. Pfeffer, Gus Stahlbaum, and Gus Stamnitz as hold-over trustees of original district 25.

A temporary writ of injunction issued in all respects as prayed for and thereafter, on March 30, 1923, the appellees answered, averring that in April, 1922, Lit. Stravoski, F. W. Kaechele, and Emil Ueckert had been duly elected, and had qualified as, trustees of original district 25 in succession to Gus Stahlbaum, Gus Stamnitz, and M. C. Pfeffer, and were then acting as such; that the appellee, H. A. Ripple, was not threatening to approve a voucher in the sum of $1,200 or

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 21, 1923.

more for the payment of a school building in district 25, and had not at any time so threatened.

After the coming in of the answers, the court heard evidence in the cause and then, on April 21, 1923, granted a writ restraining the county superintendent from paying out any money on account of any building within the original district No. 25, directing him to recognize appellees, Lit. Stravoski, F. W. Kaechele, and Emil Ueckert, as trustees of the district, and approve all vouchers signed by them for teachers teaching in the district, in all other respects dissolving the temporary order formerly entered. From the judgment so described this appeal proceeds.

Appellants' first contention here is that the court below erred in not finding and holding that they showed themselves entitled to an injunction embodying a recognition either (a) of the division made by the county board of school trustees August 2, 1920, of original district 25 into new districts 25 and 28, together with the individuals they claimed were chosen as trustees therefor, respectively; or, in the alternative, (b) of the continuing existence as it stood· before August 2, 1920, of original district 25, and of Gus Stahlbaum, Gus Stamnitz, and M. C. Pfeffer as the duly elected and acting trustees thereof.

They further complain of so much of the order as directed the county superintendent to recognize Stravoski, Kaechele, and Ueckert as trustees of original district 25, and to accordingly approve and pay the teachers' vouchers issued by them, on the ground that the alleged election of April ——, 1922, under which these· three named persons claimed to have been elected trustees, was illegal and ·void.

We are unable to hold that in either respect they ·have shown themselves entitled to injunctive relief. In the first place, their basic averment that original district 25 had been legally divided by the county board of ·trustees on August 2, 1920, is an unwarranted assumption under the facts other-'wise appearing; in the second, their own ·pleadings and proof ·show an abdication on the part of Stahlbaum, Stamnitz, and. Pfeffer of the functions or authority, if any, they might originally have had as trustees of district 25 prior to the asserted subdivision of it. ·

[1] As forgoing recitations have shown, appellants based their claim that original district 25 had been divided into the two new ·ones solely upon the action to that effect of the county board of trustees of Austin county of August 2, 1920, whereas, on this hearing it was further ·made to appear—indeed, by themselves—that in a cause now pending undecided on rehearing in this court, and which had been appealed here from the same trial court before the institution therein of this action, that is, cause No. 8297 upon our docket, styled Emil Berndt et al. v. F. C. Kloss et al., 256 S. W. ——, this court had held .this division by the county trustees ineffectual under the circumstances made, and that ,the district court of the county had prior thereto acquired jurisdiction to determine in that cause, through its own power, whether or not there had been any division of the district. That determination has never been made, nor could have been so long as the cause is yet pending here, and it follows that in the present proceeding the trial court was without authority to take any action or make any order touching the subject-matter of that controversy. So much for the main ground of the relief sought.

[2] As concerns the alternative one, the evidence justified, if it· did not compel, a finding that the three appellants; who were trustees of original district 25 at and prior to the asserted division of it on August 2, 1920, had from that time forward abandoned all claim to being such, had not only not further acted in that capacity, but had treated the old district as no longer existing, and that the other appellants had either acquiesced in or participated with them in this course of conduct. That being so, it goes without saying that at the late day of this trial, more than two and a half years afterwards, they were in no position to ask a court of equity to oust in their favor others who were then in fact acting as trustees for the former district, whether rightfully so or not.

For a reason logically following from what has just been said, we find it unnecessary to decide whether or not appellees Stravoski, Kaechele, and Ueckert were the duly elected and qualified trustees of the district for which they assumed to act; it is enough to hold that, under the showing made by appellants, the trial court was not ·beyond its province in refusing them .the full relief .they prayed for. If they did not show themselves entitled to an injunction in the respects they ;complain about here, as we conclude they did not, there was no error in its refusal.

. The judgment is affirmed.

Affirmed.