J. H. CONE v. JOHN LEWIS.

| 64 | 331 |
| 79 | 453 |

(Case No. 5479.)

1. EXEMPLARY DAMAGES — ALLEGATIONS.— The averment in a petition that the defendant wrongfully and maliciously seized and converted a dray, the property of the plaintiff, who was the head of a family, and a licensed drayman and the owner of no other vehicle, to the special injury of his business (which was set forth) as a drayman, was sufficient to sustain an action for exemplary as well as actual damages. (Following cases cited in the opinion.)

2. OFFICERS.— An officer is not liable for exemplary damages, who in a proper manner and in good faith seizes property under a writ which he holds; but it affords no such protection to him when he wilfully uses process in his hands to accomplish a purpose forbidden by law and thereby becomes its violator.

3. EXEMPTION — INTENTION.— The statute exempts from forced sale one wagon and one carriage or buggy; in determining whether a dray is included within the meaning of the term "wagon," the intention of the legislature in giving the exemption must be considered and followed. The intention was to protect all heads of families in the pursuit of their occupations, and a correct construction of the law would seem to protect draymen and cart-men in the possession of their vehicles. (See cases cited in the opinion.)

4. SAME.— The statute does not give the exemption of a vehicle which may be classed as a "wagon" to those pursuing any given occupation, alone, but "to every family." In the case of a drayman the exemption would seem peculiarly appropriate and in harmony with the spirit of the statute, which exempts "all implements of husbandry," and "all tools, apparatus and books belonging to any trade or profession."

5. SAME.— In rendering judgment against a defendant for the value of an exempt article wrongfully sold by him under execution, it would defeat the object of the statute to deduct from the actual value of the exempt property the sum realized from its wrongful sale and applied by the defendant to the payment of the debt for which the execution issued.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

Appellee Lewis, plaintiff in the court below, brought this suit against the appellant, Cone, for the alleged wrongful and malicious seizure and conversion of a dray, the property of Lewis, who was the head of a family, a licensed drayman in the town of Rockdale, and owned no other vehicle.

Plaintiff claimed $50 for the value of the dray, $100 special damages for the interruption of his business, and $1,000 for exemplary damages.

Defendant pleaded to the jurisdiction of the court, that the claim for special and exemplary damages had been falsely made for the purpose of giving jurisdiction to the district court, and filed general and special exceptions, all of which pleas were overruled, save the exception to the claim for special damages, which was sustained.

Defendant also pleaded, in justification, that he made the seizure in good faith, as constable, under an execution against Lewis, in favor of one Moody, after having taken the advice of an attorney upon the facts.

The case was tried by the court without a jury, resulting in a finding that the dray was exempt from execution; that plaintiff was not entitled to exemplary damages; and in a judgment for plaintiff for $30, as the value of the dray.

*W. K. Homan,* for appellant, cited: Bridge *v.* Ballew, 11 Tex., 136; Lay *v.* Blankinship, 3 Tex. L. Rev.; McGaughey *v.* Meek & Painter, W. & W. Cond. Rep., 1197; R. S., 2335; Quigley *v.* Gorham, 5 Cal., 418; Favers *v.* Glass, 22 Ala., 624; Thomp. on Homes. & Exemp., 809, 810; Rodgers *v.* Ferguson, 32 Tex., 533; Nichols *v.* Claiborne, 39 Tex., 363.

*Antony & Wilcox,* for appellee, cited: Graham *v.* Roder, 5 Tex., 141; I. & G. N. R. R. Co. *v.* Nicholson, 61 Tex., 550; R. S., art. 2335; Robinson *v.* Robinson, Tex. Law Rev.; Champion *v.* Vincent, 20 Tex., 811; W. & W. Cond. Rep., 1196, 1197; Gordon *v.* Jones, 27 Tex., 622.

STAYTON, ASSOCIATE JUSTICE.— The averments of the pleadings for the plaintiff were such as would sustain an action for exemplary as well as actual damages, and the court did not err in overruling the exceptions of the defendant which questioned the sufficiency of the averments of the petition to confer jurisdiction on the district court. Kolb *v.* Bankhead, 18 Tex., 229; Champion *v.* Vincent, 20 Tex., 812; Gordon *v.* Jones, 27 Tex., 622; Graham *v.* Roder, 5 Tex., 146; Cole *v.* Tucker, 6 Tex., 267; Mill *v.* Newton, 24 Tex., 202.

An officer is not liable for exemplary damages, who in proper manner and in good faith seizes property under a writ which he holds; but it affords no such protection to him when he wilfully uses process in his hands to accomplish a purpose forbidden by law, and thereby becomes its violator.

The cause was tried without a jury, and the motion made after the trial, as did the exception presented before the trial, again raised the question of the sufficiency of the pleadings to confer jurisdiction on the court, and also raised the question of the sufficiency of the evidence to show that the plaintiff in good faith believed that he was entitled to recover a sum as exemplary damages sufficient to give the court jurisdiction.

That motion having been overruled, it must be presumed that, on hearing the evidence, the judge who tried the cause was of the opinion that the facts were such as to lead the plaintiff to institute the suit in the district court in good faith, believing that he was entitled to recover such sum as exemplary damages as would give the court jurisdiction, although in the opinion of the judge he was not entitled to other than actual damages. Gouhenant v. Anderson, 20 Tex., 460; Graham v. Roder, 5 Tex., 142.

We cannot say that such a finding was not supported by evidence.

It is urged that the dray levied upon was not exempted from forced sale although it belonged to the head of a family and was the only vehicle of any kind owned by him.

The statute exempts from forced sale, if owned by the head of a family, one wagon, one carriage or buggy. R. S., 2335.

In determining whether a dray is embraced within the meaning of the word "wagon," it is proper to look to the intention of the legislature in giving the exemption, and no such restricted meaning should be given to it as will defeat that intention.

"The intention of the legislature was to protect all (heads of families) in the pursuit of their occupations, and a correct construction of the law would seem to protect the drayman and cartman in the possession of their vehicles, although they do not come within the strict definition of the word 'wagon.'" Rodgers v. Ferguson, 32 Tex., 535; Nichols v. Claiborne, 39 Tex., 366; Gordon v. Shields, 7 Kan., 325; Quigley v. Gorham, 5 Cal., 418.

The statute does not give the exemption of a vehicle which may be classed as a "wagon" to persons only who may be farmers, or who pursue some given occupation, but "to every family;" and the fact that the plaintiff was pursuing the business of a drayman, or that he used the vehicle in any particular way, could not defeat the exemption.

To a person pursuing the business of a drayman such an exemption would seem peculiarly appropriate, and in harmony with the spirit of the statute which exempts "all implements of husbandry," and "all tools, apparatus and books belonging to any trade or profession."

The defendant insists that he is entitled to have deducted from the amount of the judgment rendered against him the sum which he realized from the sale of the exempted property and applied to the payment of the debt for which the execution issued, and the costs of the case, including such as were incurred through his own unlawful acts.

To admit any of these claims would be practically to defeat the exemption, and indirectly do what the law declares shall not be done.

The judgment is not erroneous, and is affirmed.

AFFIRMED.

[Opinion delivered June 5, 1885.]