### R. C. PARKER v. C. L. SWEET ET AL.

Decided March 19, 1910.

**Forced Sale—Exemption—Automobile.**

   An automobile owned by a married man, the head of a family, is included in the term "carriage" in article 2395, Sayles Rev. Stats., and is therefore exempt from forced sale.

Appeal from the District Court of Tarrant County. Tried below before Hon. R. C. Parker.

*Theodore Mack,* for appellant.

*Bryan & Spoonts,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit to restrain appellee Sweet, as sheriff, and the other appellee, as execution creditor, from selling an automobile, seized by virtue of a writ of execution, alleging that such vehicle was exempt to him as the head of a family. The district judge granted the temporary writ of injunction, but afterward on motion of appellees dissolved it, and the complainant has appealed. The question thus presented appears to be a new one.

Article 2395, Sayles' Texas Civil Statutes, so far as pertinent to

the present inquiry reads: "The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: . . . 10. One carriage or buggy." Concretely stated then the question for determination is whether an automobile owned by a married man, the head of a family, is included in the term "carriage," and therefore exempt under the statute quoted. The Standard Dictionary defines the word carriage as follows: "A wheeled vehicle for carrying persons, in distinction from those used for transporting goods; especially an elegant conveyance, in general partly or wholly enclosed, drawn by one or more horses and with seats for two or more persons. Such vehicle as the brougham, landau, landaulet, phaeton, coach, and even the top buggy are loosely included under this general term." The definition given by other lexicographers is substantially the same. In a broad sense then an automobile is undoubtedly a carriage. It was so held in Trenton v. Toman (N. J.), 70 Atl., 606, and Com. v. Hawkins, 14 Pa. Dist. (N. P.), 592, cited in Berry on Automobiles, section 15.

On the other hand, it has also been held that an automobile is not a carriage within the meaning of a statute requiring cities and towns to keep their highways in repair so that they may be reasonably safe and convenient for travelers with their horses, teams and carriages. Doherty v. Ayer (Mass.), 83 N. E., 677, 14 L. R. A. (N. S.), 816. But even in the last case cited it is said the automobile is a carriage in a broad sense of the word. So that it appears an automobile may or may not be a carriage according as the term is used in its broad or narrow sense, and the well recognized rules for statutory construction might well call for an affirmative answer in one case and a negative answer in another. For instance, if the statute is a penal one a strict construction is the rule, and the use of the term "carriage" would perhaps not include an automobile; while if the statute is an exemption statute, which under all the canons of construction is to be liberally construed, the broader interpretation would be adopted and "carriage" would include automobile. Of course, automobiles were unknown to our law makers when the statute under consideration was passed, and they could not have had in mind specifically to exempt such vehicle, but this is not necessary. The Legislature did have in mind the exemption to every family of a means of conveyance for the convenience and comfort of its members, and the use of the word carriage in that connection is merely generic, indicating the use or purpose rather than the particular character of vehicle. An automobile is essentially a carriage, used for identically the same purposes as the horse-drawn carriages of our fathers' days, the principal difference between the two being the motor power employed. From the standpoint of utility no distinction can be made between the two. We have adverted to the fact that exemption statutes are to be liberally construed. It has been expressly so held many times in this State. Applying this rule, the Supreme Court in Allison v. Brookshire, 38 Texas, 199, held that a mule was a horse within the meaning of our exemption statutes. If a mule is a horse, undoubtedly an automobile is a carriage.

The judgment of the District Court dissolving the temporary writ of injunction is therefore reversed and judgment here rendered perpetuating the same.

*Reversed and rendered.*

Application for writ of error dismissed.