PEEVEHOUSE et al. v. SMITH et al.

(Court of Civil Appeals of Texas. Austin. Jan. 15, 1913.)

1. EXECUTION (§ 171*)—SUBJECTS OF PROTECTION.

Where a sheriff seized exempt property under an execution, an injunction will issue to prevent its sale by him, even though the property has been taken from the sheriff on a delivery bond; the giving of the bond being only an additional ground for enjoining the sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

2. EXEMPTIONS (§ 44*)—"CARRIAGE" AUTOMOBILE.

An automobile is a "carriage" within the purview of the exemption statute allowing each head of the family one carriage or buggy.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 1, pp. 976–978; vol. 8, p. 7596.]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.

Where there is no proposition under an assignment of error, the assignment itself may be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

The exclusion of evidence where other testimony to the same effect was admitted is harmless, even though erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

5. APPEAL AND ERROR (§ 1033*)—REVIEW—HARMLESS ERROR—ERROR FAVORING APPELLANT.

In an action to enjoin an execution sale of exempt property, defendants cannot object to the exclusion of evidence showing that plaintiff, the owner, had given a delivery bond to secure possession of the property; such evidence tending to show that the sheriff had no right to sell the property even though it was not exempt.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

6. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.

In the absence of an assignment of error complaining that proof was not made, it will be assumed on appeal that there was evidence proving all facts necessary to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

7. APPEAL AND ERROR (§ 1073*)—REVIEW—HARMLESS ERROR.

As the statute gives the owner of property upon which execution has been levied the right to sell it on giving a delivery bond, the perpetuation of an injunction restraining a sheriff from selling under execution exempt property which was taken from him upon a delivery bond is harmless, even though the owner had sold it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

Appeal from Navarro County Court; J. M. Blanding, Judge.

Action by J. J. Smith and others against W. L. Peevehouse and others, who filed a cross-action. From a judgment for plaintiffs, defendants appeal. Affirmed.

Callicutt & Call, of Corsicana, for appellants. Richard Mays, of Corsicana, for appellees.

KEY, C. J. In 1907, a firm styled Wood Bros. obtained a judgment against J. J. Smith in a justice of the peace court. Thereafter Wood Bros. transferred the judgment to H. C. Gillean, and on August 4, 1909, Gillean caused a pluries execution to be issued upon the judgment and placed in the hands of W. L. Peevehouse, a constable, and levied upon an automobile and motorcycle then in the possession of J. J. Smith. The levy was made August 6, 1909; and, on the same day, the constable advertised the property for sale August 21, 1909. On August 10, 1909, J. J. Smith and two others, as his sureties, executed a replevy or delivery bond to Peevehouse, the constable, in the sum of $250, the value of the automobile; and thereupon and on that day the constable delivered the automobile back to Smith. On August 12, 1909, J. J. Smith instituted this suit against Peevehouse and Wood Bros., in which he alleged that he was the head of a family, and that the automobile was exempt from forced sale, and he prayed for an injunction restraining Peevehouse from selling it. He also sought to recover from the defendants certain alleged damages. The petition was verified by the plaintiff therein, and upon its presentation to the county judge the latter caused a temporary injunction to be issued thereon, restraining the constable from selling or interfering with Smith's use of the automobile until the further order of the county court. The case was not tried until 1911, and it went to trial upon the plaintiff's petition and an amended original answer filed by the defendants referred to and H. C. Gillean, who was impleaded by Wood Bros., and a supplemental petition filed by the plaintiff. The answer of the defendants contained a general demurrer, numerous special

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

exceptions, and a special plea, alleging that the automobile was not exempt property; that it had been delivered back to Smith upon his execution of the delivery bond, and therefore he had wrongfully sued out the injunction; and they prayed judgment against Smith and the sureties on his injunction bond for the amount of the judgment in the justice's court against him, for $50 attorney's fees, and that the injunction be dissolved. The defendants filed a supplemental answer denying the allegations in the plaintiffs' petition, and reasserting that Smith was not entitled to an injunction for substantially the same reasons previously stated in their answer. In obedience to a peremptory instruction given by the court, the jury returned a verdict finding that the automobile was exempt from forced sale, and that the plaintiff was entitled to have the injunction perpetuated, finding against him upon his claim for damages, and finding a general verdict for the defendants Wood Bros. Judgment was rendered in accordance with the verdict, and the defendants Peevehouse and Gillean have appealed.

[1] The first assignment presented in appellants' brief complains of the action of the trial court in sustaining certain exceptions to so much of the defendants' answer as alleged certain facts. The only proposition submitted under that assignment is, in substance, that appellee Smith could have no right to an injunction, because the automobile had been returned to him under his delivery bond, and therefore the constable had no authority to sell it, unless Smith voluntarily returned it to the constable, and that the facts referred to constitute a complete defense to appellees' suit for injunction. This proposition is unsound in law. Conceding that the effect of the delivery bond was to release the property from the levy, still the constable could wrongfully have offered it for sale and sold it under the execution; and, while the purchaser would not have acquired a superior title, his purchase would have constituted a cloud upon Smith's title, and would probably have involved him in litigation with such purchaser. Hence we hold that, notwithstanding the facts referred to, if, as alleged in the petition, the constable was about to proceed to sell the automobile, Smith was entitled to an injunction to prevent that result for two reasons, one alleged by him and the other alleged by the defendants, and these were: First, that the automobile was exempt from forced sale; and, second, that by reason of the execution of the delivery bond it was released from the levy and not subject to sale under that execution.

[2] The clear and undisputed proof showed that, at the time the levy was made and the injunction sued out, Smith was the head of a family, and that he had no other carriage or buggy. The laws of this state exempt to the head of each family, among other things, one carriage or buggy; and it was held by the Ft. Worth Court of Civil Appeals, in Parker v. Sweet, 127 S. W. 881, that an automobile is a "carriage" within the purview of that statute, and we fully concur in that decision.

[3] The second assignment presented in the brief is not submitted as a proposition, nor is any proposition submitted under it; and, for this failure to comply with the rules, we are not required to consider it. It complains of the action of the trial court in excluding the delivery bond referred to, when offered in evidence by appellants.

[4, 5] There was other testimony that was not objected to that showed that the bond referred to was executed, and that the property was thereafter returned to appellee. Besides, it seems to us that the testimony referred to would have benefited the appellee more than it would the appellants. It would have shown that the officer had no right to sell the property under the execution which he had levied upon it, even if it had not been exempt from forced sale.

[6] There is no assignment of error charging that the proof failed to show that the constable was about to sell the automobile, but, on the contrary, appellants seem to admit in their answer that he would have done so, if the injunction had not been issued. At any rate, there being no assignment complaining that such proof was not made, we must assume that it was; and, if such was the case, then, considering the other facts hereinbefore referred to, appellee was entitled to the injunction that was issued.

[7] As the proof shows that he had sold the automobile long before the case was tried, it may be that he had no right to have the injunction perpetuated, because at the time of the trial he had no interest in the automobile; but that question is not raised by appellants, and the perpetuation of the injunction can do them no harm, because, by express authority of the statute, after making the delivery bond, appellee had the right to sell the property; and therefore appellants could have no right to subject it to the payment of their judgment against him, even though it is no longer exempt property. The original injunction having been rightfully issued, there was no foundation for the cross-action asserted in appellant's answer; and the trial court committed no error in regard thereto.

The other assignments of error present, substantially, the same questions which have been considered and decided against appellants. No reversible error has been shown, and the judgment is affirmed.

Affirmed.