HAMMOND et al. v. PICKETT.

(Court of Civil Appeals of Texas. Galveston. May 31, 1913. Rehearing Denied June 19, 1913.)

1. EXEMPTIONS (§ 44*) — SCOPE OF EXEMPTIONS—"CARRIAGE"—AUTOMOBILE.

Under Rev. Civ. St. 1911, art. 3785, reserving to every family, as exempt from attachment and execution, one carriage and buggy, a family automobile is exempted, being a carriage within the statute.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 1, pp. 976–978; vol. 8, p. 7596.]

2. EXEMPTIONS (§ 16*)—FAMILY—WHAT CONSTITUTES.

Where plaintiff while a resident of Louisiana was divorced from his wife, and the judgment of divorce, while only from bed and board, dissolved the bonds of matrimony, except that neither of the parties was allowed to remarry, and the wife was given the custody of the issue of the marriage, he was not the head of a family in Texas within the exemption laws, reserving to each family certain property free from execution, even though he contributed to the support of his wife and child; it appearing that they had never been residents of the state of Texas.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 15–19; Dec. Dig. § 16.*]

Appeal from District Court, Harris County; Chas E. Ashe, Judge.

Suit by A. B. Pickett against M. F. Hammond and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Blain & Howth and M. G. Adams, both of Beaumont, and H. F. Montgomery, of Houston, for appellants. H. C. Barkley and John E. Green, Jr., both of Houston, for appellee.

McMEANS, J. Charles E. Bryant, having an unsatisfied judgment against A. B. Pickett, sued out a writ of execution, and placed the same in the hands of M. F. Hammond, sheriff of Harris county, who at once levied the same upon Pickett's automobile. Pickett, alleging that he was a married man and the head of a family, and that he owned no carriage or vehicle other than the automobile in question, and that he used the same for his own personal business in the selling of land and was dependent upon it for making a living, and claiming that the same was exempt from execution and forced sale for the payment of debts under the exemption laws of the state of Texas, applied, in chambers, to Honorable Charles E. Ashe, judge of the eleventh judicial district court of Harris county, for a temporary writ of injunction restraining Hammond, sheriff, and Bryant, the plaintiff in execution, from selling the automobile under said execution. After a hearing upon the plaintiff's bill and the defendant's answer and supporting affidavits filed by both parties, the temporary writ of injunction was granted, and from the order granting the injunction both Hammond and Bryant have appealed.

The testimony in the record justifies the following fact conclusions: Pickett has been twice married. He and his first wife were divorced. The issue of his second marriage is a girl, Marie Hazel Pickett, a minor, who is living with her mother in the state of Louisiana. Pickett came to Texas about three years before the trial, and has resided in this state ever since. His wife and child continue to reside in Louisiana, and there is not the slightest evidence to indicate that either of them ever resided in Texas, or that they intend to come to Texas and reside with him as members of his family. On the contrary, the testimony indubitably shows that Mrs. Pickett, on November 21, 1910, in the district court of St. Landry parish, La., in a suit brought by her against A. B. Pickett for a divorce, obtained a judgment for divorce from bed and board, and in the same

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

proceeding was awarded the custody of their minor child. Under the laws of Louisiana, as construed by the courts of that state, the only difference between a divorce from bed and board and an absolute divorce is that in the former neither of the parties is at liberty to contract another marriage. "The meaning of the whole law, taken together, appears to us to be applicable to either species of divorce, as well as that which goes no further than a separation from bed and board as that which at once dissolves the bonds of matrimony; the former is as complete a separation of the parties to the matrimonial engagement as the latter, with the exception that no new marriage of either party could be legally made." Savoie v. Ignogoso, 7 La. 281. Pickett testified that he had contributed to the support of his wife, but did not know how much, but that he had furnished her and his child with money, but could not give the date when he sent money to his wife the last time, but that he had contributed to her support within the last two years, and had sent her money and clothes, anything she asked for, and had done so within the last two or three months; that he was contributing to the support of his child right along. Mrs. Pickett testified by affidavit that Pickett had not within the last two years contributed anything to the support of either herself or the child, but in deference to the judgment of the court, we find that Pickett's statement is true.

[1, 2] Under these facts is Pickett's automobile exempt from forced sale? It has been held, and correctly so we think, that an automobile is a "carriage" in the sense the word is used in subdivision 10 of article 2395, Sayles' Civil Statutes (Revised Statutes 1911, art. 3785), and as such is "reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts." Parker v. Sweet, 127 S. W. 881; Peevehouse v. Smith, 152 S. W. 1197. But is Pickett in a position to claim the exemption? We think not. The exemption is not to the head of the family, but to the family. Did Pickett and his wife and child, in the circumstances stated, constitute a "family" in the sense the word is used in the statutes so as to entitle him to the exemption claimed? The wife, if we may now so designate her, has never resided in Texas, and the evidence is silent as to any intention on her part to reside in this state. She has been divorced from her husband and the relation of husband and wife extinguished. Since the divorce Pickett has been a single man. True, neither he nor his wife can under the law contract a marriage with another person, but with this exception the divorce is absolute. The custody of the child was awarded to the mother by the decree of divorce, and is a member of her family and not of his. He has no family unless the wife or child constitute it, and the one has been freed from that relation by the decree of divorce, and the other, so far as he is concerned, by the judgment of the court which deprives him of its custody. We think, therefore, that Pickett is in no position to claim an exemption which the law gives only to a family. We have found no cases directly in point and have been cited to none, but the following are persuasive: Davis v. Cuthbertson, 45 S. W. 426; Heidenheimer Bros. v. Blumenkron, 56 Tex. 314. It is clear that the exemption of the automobile cannot be successfully claimed under the subdivision of the article referred to that exempts all tools and apparatus belonging to a trade or profession. Cates v. McClure, 27 Tex. Civ. App. 459, 66 S. W. 224; Smith v. Horton, 19 Tex. Civ. App. 28, 46 S. W. 401; Massie v. Atchley, 28 Tex. Civ. App. 114, 66 S. W. 582.

The judgment of the court below is reversed, and judgment here rendered for appellant dissolving the injunction.

Reversed and rendered.