## STICHTER v. SOUTHWEST NAT. BANK. (No. 9174.)

(Court of Civil Appeals of Texas. Dallas. Jan. 19, 1924.)

1. **Exemptions ⬅59—Rule as to right of debtor to select exemptions stated.**

Under Rev. St. arts. 3735, 3737, debtor has the right to select his exemptions under article 3785, enacted pursuant to Const. art. 16, § 49, when there is owned more of a given kind of property than the law exempts, but this right is given the debtor only when his designation is not in fraud of the rights of a bona fide creditor.

2. **Exemptions ⬅59—Head of family could designate as exempt his automobile and not wife's, which might also have been so designated.**

Under Rev. St. arts. 3735, 3737, 3785, a debtor had the right to designate as exempt an automobile owned by him, instead of another automobile of his wife, which by reason of the nature of its use could have been designated; it not being in fraud of a creditor to designate, as exempt, property which, but for such designation, could be subjected to the debt in lieu of other property which could not be so subjected.

3. **Exemptions ⬅44—Automobile may be designated as exempt as "carriage"; "buggy."**

A debtor may designate an automobile as exempt under Rev. St. art. 3785, making exempt one "carriage" or "buggy."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Carriage; Second Series, Buggy.]

4. **Exemptions ⬅44—Automobile truck held exempt as a "wagon."**

A Ford truck, used on a farm, and serving the purpose of a farm wagon, there being no farm wagon on the farm, is a "wagon," within the meaning of Rev. St. art. 3785, exempting to a debtor one wagon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wagon.]

5. **Exemptions ⬅140—Debtor entitled to injunction to protect right of exemption.**

When a creditor manifests a clear intention to ignore a rightful claim by the debtor to certain property as exempt, and to levy his writ of attachment on such property, the debtor may, by injunction, prevent the levy of such writ.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Southwest National Bank against R. B. Stichter. From an order dissolving a temporary injunction, defendant appeals. Reversed and remanded.

Ethridge, McCormick & Bromborg, of Dallas, for appellant.

Leake & Henry, of Dallas, for appellee.

JONES, C. J. This appeal is from an order of the trial court, dissolving a temporary writ of injunction that had theretofore been issued on the application of appellant, restraining the sheriff of Dallas county from levying a writ of attachment on a Cadillac touring car and a small Ford truck. The petition for injunction was presented to the judge of the district court of Dallas county on September 6, 1923, and the order entered granting the said temporary injunction di-

rected the defendant named in the petition to appear in court on the 25th day of September, 1923, and show cause why such writ should not be continued in force.

Appellee, as plaintiff, had theretofore filed suit against appellant as defendant, alleging an indebtedness due it from appellee in the sum of $4,000. Appellant had answered said suit, claiming that such indebtedness had theretofore been paid, and that appellant was indebted to him in a named sum of money, and, by cross-action, sought to recover such alleged indebtedness. While this suit was pending, appellee, as plaintiff below, caused the said writ of attachment to issue, and appellant presented in said suit its said petition for the injunction. This suit for indebtedness has not yet been tried.

On the day named, appellee made its appearance and filed its motion to dissolve. Upon a hearing of the issues made by the petition for injunction and the motion to dissolve, the court entered its order dissolving said injunction, but suspended said order during the pendency of this appeal, on condition of appellant's filing a bond in the sum of $2,000. This bond was duly filed by appellant in the court below.

The judgment dissolving the injunction was entered upon the following facts:

Appellant is a married man and the head of a family consisting of himself, his wife, and a son. The family resides on a farm about 7 miles north of Dallas. Appellant owns the two automobiles described in the petition for injunction, and does not own any mules, horses, wagon, buggy, or other vehicle that could be used in connection with his farm, or for the purposes for which a buggy or carriage is commonly used. The Cadillac touring car has been owned for some time, and has been used as a family vehicle—that is, for the purpose and convenience of the family in riding to and from various places to which the different members of the family might desire to go. The small Ford truck is used solely in connection with the farm and for the general purposes for which a farm wagon would be used. Appellant, both in his petition for injunction and in his oral evidence before the court, claimed both of said vehicles as exempt to him under the exemption statutes of this state.

Mrs. R. B. Stichter, the wife of appellant, owns in her own separate right, a Cadillac sedan, and has owned and been in exclusive possession of said car since the 25th day of December, 1920. This car is not exclusively used by Mrs. Stichter, but is sometimes used by both the husband and the son, but, when so used, permission from her to do so is invariably secured. She alone has the complete direction as to the use of this car. It is registered in her name, and the upkeep and taxes on the car are paid by her.

Mrs. Stichter came into the possession and ownership of the car as a gift to her from her husband and to be owned in her separate right. This gift was evidenced by a telegram sent by appellant while absent in an Eastern city. At the time appellant made this gift of the car to his wife, he was solvent, and, while at that time he owed appellee a debt, this debt was afterwards discharged, and the debt forming the subject-matter of the suit in the said district court was not contracted until more than a year after the purchase and delivery of this car. However, the evidence discloses that during all the time intervening between the gift of the car and the time of this hearing, appellant was solvent and could legally make the gift to his wife.

Appellant contends that, under the facts as enumerated above, the touring car and the Ford truck are exempt from the levy of the writ of attachment under the exemption laws of this state. Appellee contends that, as the exemption laws only allow one car exempt to the family, and as the levy of this writ on the two cars in question would leave one car for the use of the family, to wit, the car owned by Mrs. Stichter, that to allow appellant's contention would be to enlarge the exemption statute beyond what was intended by the Legislature. It further claims that the Ford truck cannot be held as exempt in lieu of a wagon specifically named in the exemption statute, because it is a vehicle essentially different from a wagon.

We cannot agree with appellee in either of these contentions. Section 49 of article 16 of the Texas Constitution reads as follows:

"The Legislature shall have power, and it shall be its duty, to protect by law from forced sale a certain portion of the personal property of all heads of families, and also of unmarried adults, male and female."

Article 3785 was enacted by the Legislature to comply with this mandate of the Constitution, and so much of it as is necessary for this consideration reads:

"The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: * * * 9. Two horses and one wagon. 10. One carriage or buggy."

While the statute makes the exemption to the family and does not mention heads of families, still, when the statute is read in connection with the constitutional provision that called it forth, it must be construed so as not to change the clear mandate of the Constitution to exempt "a certain portion of the personal property of all heads of families," and the courts have so construed it. Cohn v. Lewis, 64 Tex. 331, Peevehouse v. Smith (Tex. Civ. App.) 152 S. W. 1196; Parker v. Sweet, 60 Tex. Civ. App. 10, 127 S. W. 881.

[1, 2] These provisions of the organic and statutory law of this state, together with articles 3735 and 3737 of Revised Statutes,

the former article giving a debtor the right to point out property to be levied upon, and the latter article forbidding him to point out for such levy, property exempt from forced sale, clearly give to the debtor the right to select his exemptions under article 3785, when there is owned more of a given kind of property than the law exempts. McClelland v. Barnard, 36 Tex. Civ. App. 118, 81 S. W. 591; Pardue v. Recer (Tex. Civ. App.) 46 S. W. 112. This right, however, is given the debtor only when his designation of exempt property is not in fraud of the rights of a bona fide creditor. It is not in fraud of a creditor for the debtor to designate as exempt property which but for such designation could be subjected by the creditor to the payment of a debt, in lieu of other property which the creditor could not subject to such purpose. In pursuing this course, the debtor is acting clearly within his legal rights. In the instant case, appellant could have designated the wife's automobile as the family vehicle and have left the Cadillac car subject to the writ of attachment, but appellee cannot justly complain because this was not done. There was no fraud committed by appellant in designating his own car rather than that of his wife. The previous uses of the cars were such that appellant could claim either as exempt to the family. The Cadillac automobile had theretofore been impressed with such use as entitled appellant to designate it as exempt, without such action on his part being tainted with fraud.

In the case of McClelland v. Barnard, supra, in which a similar contention made by appellee here was made by the creditor in the reported case, the court said:

"The two horses exempted to the family by subdivision 9 of said article may be the separate property of either spouse or their community property. Where there are more than two horses owned in either right above stated in the possession of the husband, he has the right to select, and by appropriate use impress upon them the exempt character, such two horses as he may desire; and if the husband should have in his possession four horses, two the separate property of his wife, and the other two their community property, or his separate property, he would be authorized to select, for the purpose of exemption, the two not the separate property of the wife, and his creditors would have no right to complain. If the two horses in controversy had been selected by the husband for exemption, and were being used by the family at the date of the alleged transfer, they would not have been subject to execution at that date, and the creditors of Peter McClelland would have no right or interest in them, and such property would not be subject to execution. Fuller v. Sparks, 39 Tex. 137; Yancy v. Felker, 3 Willson, Civ. Cas. Ct. App. 249; 12 Am. & Eng. Ency. Law (2d Ed.) 222."

[3] It is now the settled law of this state that the designation of one carriage or buggy

258 S.W.—15

in the exemption statute does not have reference to the specific vehicle mentioned in said statute, but has reference to any vehicle that is used by the family for the same purpose that the buggy and carriage was used at the time of the enactment of the statute, Parker v. Sweet, supra; Peevehouse v. Smith, supra; Hammond v. Pickett (Tex. Civ. App.) 158 S. W. 174.

We therefore hold that, appellant having legally designated the Cadillac touring car as exempt to the family, the court erred in dissolving the injunction restraining the levy of the writ on this car.

[4] Was the Ford truck immune from the writ of attachment because of appellant's claim of exemption? The use of the Ford truck on appellant's farm was of the same character and served the same purpose as the farm wagon named in the exemption statute. So far as we are informed, no higher court of this state has passed on this precise question. If the same reasoning is adopted by which an automobile touring car is permitted to take the place of the buggy or carriage in the exemption statute, we are impelled to the conclusion that the Ford truck in the instant case is included within the term "wagon." Its use is more necessary to the head of the family than is that of the pleasure vehicle, and the term "wagon" is just as much a generic term as is "carriage" or "buggy." In making the exemption, the Legislature had in mind the use or purpose to which the vehicle was put rather than the specific character of the vehicle named. Webster's dictionary defines the word "wagon" to mean, "a kind of four wheel vehicle, especially one used for carrying freight or merchandise." The Legislature believed that a vehicle used for carrying commodities was necessary for the use of the head of a family and so designated the wagon as exempt for that purpose, because it was the vehicle then in use for such purpose. Our Supreme Court has held, in recognition of this purpose, that a dray is included in this section of the exemption statute. Cohn v. Lewis, supra.

So far as the record in this case shows, this Ford truck was used for no other purpose than that consistent with the use of the farm wagon, and consistent with the evident purpose of the Legislature in the enactment of this statute. We therefore hold that an automobile truck of the kind and character this one is, and put to the use that is made of this truck, is included in the exemption statute.

[5] When appellee manifested a clear intention to ignore the claim of exemption by appellant and to levy its writ of attachment on the Cadillac touring car and the Ford truck, appellant had the right to invoke the equity powers of the court and by injunction prevent the levy of such writ. The case is therefore reversed and remanded, with in-

struction to the trial court to reinstate the injunction dissolved by the judgment from which this appeal is perfected.

Reversed and remanded.