**MALONE et al. v. KENNEDY. (No. 1235.)**

(Court of Civil of Appeals of Texas. Beaumont. May 2, 1925.)

1. **Exemptions** ⚖️4—Exemption statute is to be liberally construed.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, relating to property exempt from execution, is to be liberally construed.

2. **Exemptions** ⚖️44—Truck used by husband for hauling held exempt from execution; "wagon."

Three and one-half ton truck used by husband for hauling to earn living for himself and family *held* exempt from execution, within exemption statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 3785), exempting one wagon, and one carriage or buggy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wagon.]

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by N. E. Kennedy against Clayton E. Malone and another. Judgment for plaintiff, and defendants appeal. Affirmed.

R. L. Fowler and E. A. Knipp, both of Houston, for appellants.

Wm. Glover, of Houston, for appellee.

O'QUINN, J. This is an appeal from the granting of an injunction. Malone obtained judgment in the justice court of Harris county, Tex., against Kennedy and wife in the sum of $115.05, and costs, and caused an execution to be levied on a 3½-ton truck, the property of Kennedy, and same was advertised for sale. The day before the truck was to be sold, Kennedy brought this suit for injunction against Malone and T. A. Binford, sheriff of Harris county, to restrain them from selling the truck and for damages, on the ground that said truck was exempt property. The court granted a temporary injunction and set the matter down for hearing, upon which the court held the truck was exempt and granted the injunction prayed for; hence this appeal.

Kennedy was the only witness. He testified that he was married and had a family, lived in Harris county, Tex., and that he owned the truck; that it was the only truck he owned, and that he did not own a wagon; that he owned a Ford automobile; that he used the truck for hauling to help earn a living for himself and family.

[1, 2] Under these facts, was the truck exempt? We think so. The rule is well established that exemption statutes shall be liberally construed so as to effectuate the policy and purposes of such legislation. The laws of this state exempt to the head of each family, among other things, one wagon and one carriage or buggy. Article 3785, Vernon's Sayles' Civil Statutes. In construing this law, it has been held that within the meaning and intent of the law, an automobile was a carriage. Parker v. Sweet, 60 Tex. Civ. App. 10, 127 S. W. 881; Peevehouse v. Smith (Tex. Civ. App.) 152 S. W. 1196. The carriage or buggy and the wagon were then the common vehicles in use and each were exempted to a family. The Legislature believed that a vehicle used for hauling freight and heavy commodities was necessary for the head of the family, and designated the wagon as exempt because it was the vehicle then in use for that purpose. The use of a truck is of the same character and serves the same purpose as a wagon. In making the exemption, the Legislature had in mind the use or purpose to which the vehicle was put, rather than the specific character of the vehicle named in the act.

In Stichter v. Southwest National Bank (Tex. Civ. App.) 258 S. W. 223, a Ford truck

was held to be a wagon and exempt. In Rodgers v. Ferguson, 32 Tex. 533, the word "wagon" as used in the exemption statutes was held to include all four-wheeled vehicles for whatever use employed and there held to include "drays" and "carts." In Cone v. Lewis, 64 Tex. 331, 53 Am. Rep. 767, Judge Stayton says:

"In determining whether a dray is embraced within the meaning of the word 'wagon,' it is proper to look to the intention of the Legislature in giving the exemption, and no such restricted meaning should be given to it as will defeat that intention. The intention of the Legislature was to protect all (heads of families) in the pursuit of their occupations, and a correct construction of the law would seem to protect the drayman and cartman in the possession of their vehicles, although they do not come within the strict definition of the word "wagon,"'" and held a dray was exempt.

The judgment is affirmed.