## WILLIAMS v. JONES, County Clerk.
(Motion No. 499.)

Court of Civil Appeals of Texas.    Eastland.
April 20, 1928.

1. **Appeal and error ☞389(3)—Party filing affidavit of inability to pay costs in lieu of appeal bond need not give notice thereof (Rev. St. 1925, art. 2266).**

Party filing affidavit of inability to pay costs in lieu of an appeal bond, under Rev. St. 1925, art. 2266, is not required to give any notice thereof.

2. **Appeal and error ☞436—After approving affidavit of inability to pay costs of appeal, county court had no jurisdiction to disallow appeal, appellate court's jurisdiction having attached (Rev. St. 1925, arts. 2266, 2267).**

On county court's approval of defendant's affidavit of inability to pay costs in lieu of an appeal bond, filed under Rev. St. 1925, art. 2266, jurisdiction of Court of Civil Appeals attached under article 2267, and county court was without jurisdiction thereafter to enter order disallowing appeal, based on findings that defendant was not entitled to appeal on affidavit, notwithstanding at time of such approval county judge had understanding with defendant's attorney that, in case of contest of affidavit, order of approval would be clipped from record and be of no effect.

3. **Appeal and error ☞389(1)—Defendant, whose only property was in custodia legis or exempt, held entitled to appeal on affidavit of inability to pay costs of appeal (Rev. St. 1925, art. 2266).**

Defendant, who had no property other than mortgaged personalty in custodia legis under writ of sequestration and exempt property, *held* entitled to appeal by affidavit of inability to pay costs in lieu of appeal bond, under Rev. St. 1925, art. 2266, and was not required to sell or incumber his exempt property to procure money for payment for costs of appeal.

Appeal from Mitchell County Court; Chas. C. Thompson, Judge.

Original application for writ of mandamus by L. A. Williams against J. Lee Jones, County Clerk. Application granted.

R. D. Cox, Jr., of Sweetwater, for appellant.

O. S. Harris and L. W. Sandusky, both of Colorado, Tex., for appellee.

HICKMAN, C. J. This is an original application for a writ of mandamus directing the respondent, who is county clerk of Mitchell county, forthwith to prepare and deliver to relator a full and complete transcript of the proceedings in cause No. 1584 on the docket of the county court of said county, in which S. O. Givens recovered a judgment against relator. The record discloses that the judgment was rendered on February 2, 1928. On February 11th, the last day of that term of court, relator made affidavit of his inability to pay the costs of appeal, or any part thereof, or to give security therefor. This affidavit was made before the county judge before whom the case was tried, and who indorsed thereon the following order.

"The above and foregoing affidavit having been executed before me in open court on this the 11th day of February, 1928, and no interested parties offering to contest same, and defendant's counsel stating that he did not desire to controvert same, said affidavit is accordingly approved in lieu of appeal bond and appeal is hereby authorized on same."

During the next term of court and on March 12, 1928, R. E. Gregory, sheriff of Mitchell county, filed in said court a controverting affidavit, alleging that:

"He has good reason to believe and does believe that the said defendant, L. A. Williams, is able to pay the costs of appeal, or a part thereof, and affiant did not know that said affidavit of L. A. Williams had been filed until the 12th day of March, 1928."

On the 22d day of March, 1928, a hearing was had on the contest resulting in an order that the appeal should not issue on the affidavit in lieu of bond. The trial judge has filed his findings of fact and conclusions of law upon such hearing, as follows:

"I find from the testimony that the defendant, L. A. Williams, owns the following property: A three-fourths interest in three bales of cotton, the value of his part of the three bales I find to be $178.95. Four head of horses of the total value of $375. Farm implements of the value of $25. A two-thirds interest in a quantity of bundle feed. The value of all of said feed I find to be $53.24.

"I find that all of the above property is incumbered by a valid chattel mortgage lien, and same is now in the custody of the sheriff of Mitchell county by virtue of a writ of sequestration issued in said cause.

"I find that there is a balance due on the note sued on of $27.25, after all credits are allowed on same, and that judgment has been rendered in favor of the plaintiff, S. O. Givens, against the defendant, L. A. Williams, for said sum of $27.25, with costs of suit, together with foreclosure of chattel mortgage lien on the above property, and directing order of sale to issue.

"I further find that the defendant has no money at all, that he has no property at all other than that above enumerated, excepting some household goods, and that he is the head of a family and entitled to all lawful exemptions of property as such head. I further find that the court costs in said case amount to the approximate sum of $125.

"I find that the amount of the note remaining unpaid is $27.25, plus the approximate amount of court costs in the sum of $125, making a total of $152.25, which, being considerable less than the total value of the property of the defendant, he should be required to pay, and I therefore find that the defendant is able to pay, the costs of appeal.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Conclusions of Law.

"I conclude, therefore, that the defendant L. A. Williams' affidavit is insufficient to authorize the appeal and that he should be required to pay the costs of appeal in this case. It is therefore ordered, adjudged, and decreed by the court that the appeal shall not issue on the affidavit in lieu of bond. Chas. C. Thompson, County Judge of Mitchell County, Texas.

"To which order and ruling of the court the defendant then and there excepted, and gave notice of appeal to the Court of Civil Appeals sitting at Eastland, Texas."

[1] Article 2266, R. S. 1925, provides for an appeal by affidavit of inability to pay costs in lieu of an appeal bond. The party filing such affidavit is not required to give any notice thereof. Stewart v. Heidenheimer Bros., 55 Tex. 644; Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Proctor v. San Antonio St. Ry. Co., 26 Tex. Civ. 148, 62 S. W. 938. Article 2267, R. S. 1925, reads as follows:

"When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

[2] Upon the approval of the affidavit and the entry of the order of February 11th, allowing an appeal thereon, the jurisdiction of this court attached, and the trial court was without jurisdiction to enter the order of March 22d, disallowing the appeal. Houston B. & T. R. Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 312. This opinion was expressly approved by the Supreme Court in 106 Tex. 104, 157 S. W. 744. The same rule has been announced many times by our courts. See Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Godshalk v. Martin (Tex. Civ. App.) 203 S. W. 1161; Grawunder v. Stravoski (Tex. Civ. App.) 254 S. W. 655.

In this case the affidavit of Hon. Chas. C. Thompson, county judge, filed herein by respondent, discloses that at the time of the entry of the order of February 11th he had an understanding with the attorney for the relator that, should the adverse parties desire to contest the affidavit, the order of approval would be clipped from the record and be of no force and effect. While this affidavit of the county judge indicates his good faith and desire to give all interested parties an opportunity to be heard, yet it cannot be given the effect of destroying the solemn order of the court and defeating the jurisdiction of this court.

[3] But, had the trial court possessed the power and authority to enter the order of March 22d, the findings of fact filed by the trial judge disclose that relator was entitled to appeal on his affidavit in lieu of bond. The property in custodia legis was not under relator's control, and cannot be taken into consideration in determining his ability to pay or secure the costs. His automobile was exempt to him as the head of a family. Parker v. Sweet, 60 Tex. Civ. App. 10, 127 S. W. 881; Peevehouse v. Smith (Tex. Civ. App.) 152 S. W. 1196; Hammond v. Pickett (Tex. Civ. App.) 158 S. W. 174; Stichter v. Southwest National Bank (Tex. Civ. App.) 258 S. W. 223. He was not required to sell or incumber his exempt property to procure money for the payment of costs of appeal. Murray v. Robuck (Tex. Civ. App.) 89 S. W. 781; Black v. Snedecor, 60 Tex. Civ. App. 125, 127 S. W. 570; Boone et al. v. McBee, Clerk (Tex. Civ. App.) 280 S. W. 295.

We think relator's right to an appeal to this court on affidavit filed by him is clear. The mandamus will therefore be issued as prayed for.