## ROCKETT v. WILLIAMS et al.

### No. 11922.

Court of Civil Appeals of Texas. Dallas.
Jan. 5, 1935.

Rehearing Denied Feb. 2, 1935.

J. J. Fagan, of Dallas, and Mark Smith, of Waxahachie, for appellant.

Leachman & Gardere and Gus M. Hodges, all of Dallas, and Archie D. Gray and Goodwin Sweatt, both of Waxahachie, for appellees.

BOND, Justice.

The appeal is from a judgment dissolving an injunction restraining G. A. Williams, a judgment creditor, and J. F. Brown, constable of Ellis county, Tex., from levying upon and selling a brick building situated on a lot in the town of Ferris, Tex., alleged to be the business homestead of appellant, a judgment debtor of Williams.

The pleading raises the issue, and the evidence is undisputed, that appellant owns and is using a house and lot, permanently occupied by him and his family, as a home, and claimed as a homestead in the incorporated town of Waxahachie, Ellis county, Tex., and a business homestead, the execution sale of which is sought to be enjoined, in the incorporated town of Ferris, Ellis county, Tex.; that Ferris is sixteen or eighteen miles from Waxahachie, with farming lands and other towns and villages intervening, and has its own municipal government. The combined

values of the residence and business lots is not in excess of the sum of $5,000.

Appellant seeks review on the sole proposition that the storehouse property is exempt to him as his place of business, under section 51, art. 16, of the Constitution of the state of Texas, in that he has a right to a home for himself and family located in one urban community, Waxahachie, and likewise the right to that place of business in the other widely separated urban community, Ferris, and that both are exempt from execution sale.

■■■ It is the settled law of this state from a very early date that there can be but one resident homestead at a given time, and, in the case of an urban homestead, the business homestead is but a part of the urban designation. Miller v. Menke's Widow and Heirs, 56 Tex. 539; Archibald v. Jacobs, 69 Tex. 248, 6 S. W. 177; Johnston et al. v. Martin, 81 Tex. 18, 16 S. W. 550; Grimes v. Cline (Tex. Civ. App.) 300 S. W. 235; Purdy v. Grove (Tex. Civ. App.) 35 S.W.(2d) 1078, 1081.

■ The limitation of a homestead in "a city, town or village" is not to the number, but the value of the lots, $5,000. The lots may not join or be contiguous to each other, but all must be used for the convenience or uses of the family and situated in "a city," "a town," or "a village," a definite locality, and the value not to exceed the sum of $5,000, to entitle the property to be impressed with homestead character. The lot or lots used as a business and resident homestead "in a city, town or village" is a unit, an urban homestead, and the lot or lots used for the business must have some connection in point of locality with the residence place, and not in a widely separated city, town, or village, in no manner forming one connected urban community.

■ The idea of a homestead carries with it a place of residence, a domicile, and all property used in connection with the residence, such as a place of business, garden, garage, office, or shop, must be located at the place of residence. In the case of a rural homestead, by the same provision of the Constitution is limited to 200 acres, which may consist of separate and widely disconnected tracts. There is no limitation, as is contemplated in an urban homestead, that the various tracts shall be situated in "a county," "a district," or some designated locality, as in an urban homestead. It must, however, be rurally located, occupied by the claimant, and used for the purposes and conveniences of the family. If the head of the family or the family never resides on some part of the 200 acres, the property embraced in the claim of homestead is not exempt. The locality of the residence, in case of a rural homestead, is contemplated outside of urban communities, and of urban homestead within "a city, town or village," "an aggregation of inhabitants and a collection of occupied dwellings and other buildings." State ex rel. Wilke v. Stein et al. (Tex. Com. App.) 26 S.W.(2d) 182, 184. The constitutional provisions are clear that there may not be two homesteads, one of residence and another of business, but only one homestead, a part of which may be used "as a place to exercise the calling or business of the head of a family." The business homestead is a contiguity of the resident homestead, and must be located within the resident urban community.

■ The constitutional provision (section 51, art. 16), defining "the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value, * * *" excludes the idea that a resident homestead may exist in one city, town, or village and at the same time a business homestead exist in another and disconnected city, town, or village, and both be exempted from forced sale.

This question has been decided adversely to appellant's contention by the Eastland Court of Civil Appeals in the case of Purdy v. Grove, supra, and a writ of error refused by our Supreme Court, in which it is definitely and emphatically pronounced in italics that "The urban homestead provided by the Constitution of Texas contemplates a lot or lots used for the purposes specified in such Constitution *located in one urban community, whether governed by one or more municipal bodies, and not a lot or lots situated in widely separated urban communities.*"

We therefore conclude that the building and lot used as a place of business in Ferris, Tex., is not included in the homestead with the lot used as a place of residence in Waxahachie, Tex.; therefore the judgment of the trial court is affirmed.

Affirmed.

LOONEY, Justice (dissenting).

The question involved, and the holding of the majority thereon, are reflected by the following excerpt from the opinion by Judge BOND, who said: "The constitutional provision (section 51, art. 16), defining 'the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value, * * *' excludes the idea that a resident homestead may exist in one city, town, or village and at

the same time a business homestead exist in another and disconnected city, town, or village, and both be exempted from forced sale. This question has been decided adversely to appellant's contention by the Eastland Court of Civil Appeals in the case of Purdy v. Grove, supra, and a writ of error refused by our Supreme Court, in which it is definitely and emphatically pronounced in italics that 'The urban homestead provided by the Constitution of Texas contemplates a lot or lots used for the purposes specified in such Constitution *located in one urban community, whether governed by one or more municipal bodies, and not a lot or lots situated in widely separated urban communities.*'"

The decision in Purdy v. Grove (Tex. Civ. App.) 35 S.W.(2d) 1078, 1082, by the Eastland Court, is ruled by the construction given the constitutional provision under consideration, by the Circuit Court of Appeals, in Robinson v. Eikel, 285 F. 732, 734, which, in my opinion, was an incorrect interpretation of the Constitution, and that the majority erred in adopting such construction.

Evidently the question involved is of increasing importance to the people, owing to changes in the habits of living and conducting business, brought about by good roads and recently inaugurated facilities for speedy traveling. While a constitutional provision does not change with changed conditions, yet changed conditions do arouse into activity powers resident in the Constitution from its beginning. That changed conditions will arouse a dormant meaning in a statute was clearly announced by Judge Lattimore in George v. State, 90 Tex. Cr. R. 179, 234 S. W. 87, 89, who said: "A man going in an ox wagon 20 miles and having to camp out at night may have been held a traveler in times past, but it would certainly license pistol carrying with all its train of evils to hold in these days of swiftly moving automobiles which throng every road and carry their passengers the distance last mentioned, if desired, in a half hour, that persons are to be held travelers as a matter of law, on authority of such precedents." The Constitution of 1876 was not made for that day only, but, if need be, for 1976; its provisions are not phrased in shriveled but meaningful words, and many of its potentialities have not as yet been aroused to activity. Distance is no longer a forbidding consideration, as a family may reside in one urban community (city, town, or village) and the calling or business of the head of the family, separated by many miles, conducted in another, and be as accessible one to the other and as easily and speedily reached, as formerly, when separated only by walking distance. The family home may be maintained in a village or town at very much less expense, and with greater comfort and benefit to the family than doubtless could be in a larger place, and yet the calling or business of the head pursued with greater profit in the latter. The family head, in my opinion, should be at liberty to so order affairs as to reap these benefits and, at the same time, feel and in truth be secure in the exemption of a complete homestead, although the residence and place of business are located in different cities, towns, or villages. It is true, as argued by the majority, that the urban homestead is a unit, and may include two parts—i. e., a resident home and a place of business—but this unity is not necessarily disturbed by the maintenance of the residence in one city, town, or village, and the place of business in another. I fail to find anything either in the constitutional or statutory definitions of a homestead justifying the proposition announced by the majority, that "the business must have some connection in point of locality with the residence place." The constitutional tests as to the existence, whether or not, of a homestead, relate to value and use, and not to location. The lot or lots claimed as a business homestead must be used as a place to exercise the calling or business of the head of the family; whether this is true or not ordinarily is a question of fact and not of law.

The Circuit Court of Appeals, the Eastland court, also the majority in the instant case, concede that the identity of incorporated municipalities may be ignored when the same are included within the confines of a larger connected urban community, and that, in such a situation, the residence home and the place of business both within the larger urban community would be exempt, although located in separate incorporated municipalities. On this point, the Circuit Court of Appeals, in Robinson v. Eikel, supra, through Judge King, said: "No case is cited where such a result has been permitted, and it is concluded that the urban homestead provided by the Constitution of Texas contemplates a lot or lots used for the purposes specified in such Constitution located in one urban community, whether governed by one or more municipal bodies, and not a lot or lots situated in widely separated urban communities." The majority opinion by Judge BOND adopts the language just quoted, and in Purdy v. Groves, supra, the Eastland court illustrates the point, as follows: "Evidently, as used in

this provision of the Constitution (section 51, art. 16), 'a city, town or village' means 'an aggregation of inhabitants and a collection of occupied dwellings and other buildings.' State ex rel. Wilke v. Stein et al. (Tex. Com. App.) 26 S.W.(2d) 182, 184. There would appear to be no legal obstacle to a family residence homestead being located in Dallas and a business homestead in connection therewith in Highland Park; the two adjoining municipalities being separated merely by a corporate line. The test would be, Are the parts of the one homestead located in one urban community?" In this connection, certain well-known existing conditions are deemed pertinent. It is well known that, from the outer edge of University Park through Highland Park, the city of Dallas proper, to the outer edge of Trinity Heights, the distance is as great as from the city of Waxahachie to the town of Ferris, and an equal, if not a greater, distance, from the western urban settlement of the city of Fort Worth, through the city proper to the outer limits of the urban settlements, along the highway leading to Dallas, than it is from Waxahachie to Ferris. Each of these connected urban communities is made up of several separate and distinct incorporated cities, towns, or villages. The doctrine approved by the majority and the other courts mentioned is to the effect that, within a connected urban community composed of separate and distinct incorporated municipalities, both a residence and place of business may be maintained, and both be exempt, although the residence be in one, and the place of business in another, incorporated municipality.

It is obvious that, in reaching the conclusion just stated, the majority and the courts mentioned necessarily substituted for the constitutional language, "a city, town or village," the phrase, "one connected urban community," and, as applied to such situations, that the singular form of nouns, to wit, "a city, town or village," used in the Constitution, includes the plural. I find no fault with this construction as applied to the situations described, but believe it should be of general application, so, in any case, the question of exemption, whether or not, would depend upon the value and the use made of the lot or lots claimed as exempt, rather than their location, except as the location of the property may be an element of fact in determining the homestead use.

It is now academic that, in the proper protection of the homestead rights of families, a liberal construction will be given all constitutional and statutory provisions [Connelly v. Johnson (Tex. Civ. App.) 259 S. W. 634; Whiteman v. Burkey, 115 Tex. 400, 282 S. W. 788; Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35; Farm, etc., v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316; Wallace v. First Nat. Bank, 120 Tex. 92, 35 S.W.(2d) 1036]; hence, where the question is doubtful or debatable, one on which reasonable minds may differ, the more liberal construction sustaining the exemption should be adopted. A satisfactory statement of the rule was announced by Judge Speer in Parker v. Sweet, 60 Tex. Civ. App. 10, 127 S. W. 881, holding that, within the meaning of the statute, an automobile was a carriage. In the course of discussion, Judge Speer said: "So that it appears an automobile may or may not be a carriage according as the term is used in its broad or narrow sense, and the well-recognized rules for statutory construction might well call for an affirmative answer in one case and a negative answer in another. For instance, if the statute is a penal one a strict construction is the rule, and the use of the term 'carriage' would perhaps not include an automobile, while if the statute is an exemption statute, which under all the canons of construction is to be liberally construed, the broader interpretation would be adopted, and 'carriage' would include automobile. Of course automobiles were unknown to our lawmakers when the statute under consideration was passed, and they could not have had in mind specifically to exempt such vehicle, but this is not necessary. The Legislature did have in mind the exemption to every family of a means of conveyance for the convenience and comfort of its members, and the use of the word 'carriage' in that connection is merely generic, indicating the use or purpose rather than the particular character of vehicle. An automobile is essentially a carriage, used for identically the same purposes as the horse-drawn carriages of our fathers' days, the principal difference between the two being the motor power employed. From the standpoint of utility no distinction can be made between the two. We have adverted to the fact that exemption statutes are to be liberally construed. It has been expressly so held many times in this state. Applying this rule, the Supreme Court in Allison v. Brookshire, 38 Tex. 199, held that a mule was a horse within the meaning of our exemption statutes. If a mule is a horse, undoubtedly an automobile is a carriage." This decision was later cited with approval by Judge Key, in Peevehouse v. Smith (Tex. Civ. App.) 152 S. W. 1196, by Judge McMeans, in Hammond v.

Pickett (Tex. Civ. App.) 158 S. W. 174, and by Chief Justice Jones of this court, in Stichter v. Southwest Nat. Bank (Tex. Civ. App.) 258 S. W. 223, 225, where it was also held that a motortruck was a wagon, within the meaning of the exemption statutes.

Thus we observe that, by applying the rule of liberal construction to exemption statutes, our courts have metamorphosed a mule into a horse, an automobile into a carriage, and a motortruck into a wagon; therefore I submit that, under the same rule of liberal construction, the constitutional provision under consideration applied to well-known existing conditions (adopting the plural form of nouns, authorized by subdivision 4, art. 10, R. S.) should be construed as if it read, "The homestead in cities, towns and villages shall consist of a lot or lots, etc.," and whether or not, in a particular case the exemption exists should be made to depend upon the value and the use made of the property, and should not be denied, as a matter of law, because the residence is located in one city, town, or village and the place of business in some other city, town, or village. For the above reasons, I think the decision of the majority is erroneous, and that the judgment of the court below should have been reversed and rendered for appellant.