## WILLIS et ux. v. SCHOELMAN et al.
### No. 11923.

Court of Civil Appeals of Texas. Galveston. Nov. 20, 1947.

Rolland Bradley and Ne Cochran, both of Houston, for appellants.

F. W. Heinson, of Houston, for appellee Schoelman.

Fulbright, Crooker, Freeman & Bates and James C. Watson, all of Houston, for appellee Pacific Employers Ins. Co.

MONTIETH, Chief Justice.

This action was brought by appellee, W. W. Schoelman, who caused a writ of garnishment to be served on Pacific Employers Insurance Company to satisfy a judgment in his favor and against appellant K. T. Willis from funds then in the possession of garnishee.

Garnishee answered that it was indebted to appellee, K. T. Willis, in the sum of $296.05, with accrued interest. It sought a reasonable attorneys fee for filing an answer in the suit.

Appellants, K. T. Willis and his wife, intervened in the suit. They alleged that the judgment in their favor against Pacific Employers Insurance Company was based on damages to their family automobile; that the automobile was their community property, and the only means of conveyance owned by them and that said automobile and the judgment for damages thereto were exempt personal property under the constitution and laws of the State of Texas. They prayed that garnishee be discharged and that appellee take nothing by his suit.

In a trial before the court, judgment was rendered that appellee recover from garnishee, Pacific Employers Insurance Company, the sum of $250.24 with costs, plus interest. The sum of $50 was allowed garnishee as an attorneys fee.

Article 2395, Sayles Annotated Civil Statutes of 1897, now art. 3832, Vernon's

284

Ann.Civ.Statutes, provided that "one carriage or buggy" should be reserved to every family, and that it should be "reserved \* \* \* from attachment or execution and every other species of forced sale for the payment of debts."

In the case of Parker v. Sweet, 60 Tex.Civ.App. 10, 127 S.W. 881, it was held, in substance, that, while at the time said Article 2395, Sayles Ann.Civil Statutes of 1897 was enacted, our lawmakers could not have intended specifically to exempt an automobile, but that the legislature did intend to exempt to every family a means of conveyance for the convenience and comfort of its members and that the use of the word "carriage" in that connection was merely generic, indicating the use or purpose rather than the particular character of vehicle; that an automobile is essentially a carriage, used for identically the same purpose as the horse drawn vehicle of our father's days, and that from the standpoint of utility no distinction can be made between the two.

In the case of Hammond v. Pickett, Tex. Civ.App., 158 S.W. 174, it was held that an automobile was a carriage in the sense that the word is used in Subdivision 10 of said Article 2395, Sayles Civil Statutes of 1897 (now Article 3832, Vernon's Ann. Civ. Statutes) and as such is "reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts."

It is undisputed in the record that the judgment in K. T. Willis' favor in the sum of $296.05 which appellee sought to subject to the payment of his judgment was the proceeds of an insurance policy due appellants for loss resulting from damages to their automobile. The automobile was the community property of appellant and his wife and was being used by appellant's family as a means of conveyance for the members of the family.

It is the settled law in this state that the proceeds of an insurance policy due as compensation for damages to a homestead are exempt from garnishment (Cameron v. Fay, 55 Tex. 58; Johnson v. Hall, Tex. Civ.App., 163 S.W. 399) and that the proceeds of a fire insurance policy on exempt household furniture are exempt from forced sale for a reasonable time. Sorenson v. City National Bank, 121 Tex. 478, 49 S.W.2d 718.

In the case of Connally & Co. v. Hopkins, Tex.Civ.App., 195 S.W. 656, 661, an action was brought to subject the proceeds of a fire insurance policy on property found by the trial court to be a business homestead to garnishment. The trial court found that the engines and boilers in the building and their foundations were damaged and that other property covered by the policy of insurance was destroyed. In its opinion the court said: "But we think Connally & Co. did not have a remedy by garnishment. The court found that the land and machinery purchased by Wilson and Patton of Hopkins, and the machinery purchased by them of Connally & Co., which, he further found, had become realty, was Wilson's homestead at the time the fire occurred. The property being homestead, the insurance on it was not subject to garnishment \* \* \*." In this case the court made no distinction between the money due under the insurance policy for damages to the property and the money due thereunder for the destruction of property, and it was held that all money due under the policy was exempt.

It follows, we think, that the judgment of the trial court must be reversed, and, the facts having been fully developed in the trial court, that judgment be here rendered for appellants, that appellee, Schoelman, take nothing by his garnishment.

Reversed and rendered.