

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 25, 1949

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-862.

Re: The authority of a school
district to sue to collect
personal property taxes on
automobiles and related
questions.

Dear Dr. Woods:

Your opinion request submitted at the request of the officials of a school district is as follows:

"1. Referring to Article 7297, it states that a school district has no authority to file suit for taxes on 'unrendered' personal property unless the amount of the tax is in excess of twenty-five dollars.

"We have a condition in our district wherein the owners of several thousand automobiles refuse to render them to the tax assessor as the idea has gotten around that since small items of personal property tax cannot be sued on, the owners of the automobiles refuse to render the property and therefore evade the tax. Our School Board has put pressure on owners of these unrendered automobiles and with the cooperation of the school tax collector we have indicated to these owners if the taxes are not paid that suit will be filed.

"If the above article refers to this type of personal property tax as not being subject to suit, we of course do not wish to threaten suit and then not be able to back it up. In fact, Board members have the feeling that if we have no better law to enforce the collection of this tax, it would be a better policy to leave these unrendered automobiles, as well as the other automobiles, off the tax roll entirely. We come to this line of thinking for the reason that people who do render their automobiles and pay taxes on them are being discriminated against, when about forty per cent of the taxpayers refuse to render their automobiles and get by with it because we have no law to enforce collection.

"Another point in connection with this, would the school board be showing discrimination in the assessment of taxes on automobiles by making sixty per cent pay and letting forty per cent go tax free?

"2. Another practice which has been followed in our tax offices in the past has been to drop automobiles from the tax roll when they become five years old. Would our tax assessor be justified under the law in dropping automobiles from the tax roll at any given period, so long as the automobile has value?

"3. Is there any law which allows a man and his family one automobile for transportation to be exempted from taxes under the old law that a man and his family were entitled to a wagon and team exempt from taxes?"

Article 7297, V. C. S., applies only to State and County taxes, and not to school districts, as your request implies.

Section 1, Article VIII of the Constitution of this State, provides in part as follows:

"All property in this state . . . other than municipal, shall be taxed . . . in proportion to its value."

Section 2 of Article VIII of the Constitution declares that the Legislature may exempt from taxation certain specified property, and declares further that "all laws exempting property from taxation other than the property above mentioned shall be null and void." Automobiles are not listed in the Constitution as an item of property which the Legislature is authorized to exempt from taxation. Therefore automobiles are taxable in the same manner and to the same extent as other personal property subject to the jurisdiction of school districts.

School districts have no inherent power to tax as does the State, but the Constitution and statutes have conferred upon them the power to levy ad valorem taxes to support the schools established and maintained therein. Crabb v. Celeste Independent School District, 105 Tex. 194, 146 S.W. 528 (1912); Blewitt v. Megargel C. L. School District, 285 S.W. 271 (Comm. App. 1926). No useful purpose will be served to discuss these constitutional and statutory provisions in detail. It is sufficient to say that all property, real and personal, not otherwise exempt, is subject to ad valorem taxes by school districts as to such property as is located within the confines of such a district. This, of course, includes automobiles.

Article 7147, V. C. S., defines personal property for the purpose of taxation. It provides in part as follows:

"Personal property for the purpose of taxation shall include all goods, chattels and effects . . ."

Webster defines a chattel as "any item of movable or immovable property not real estate." An automobile falls in this classification. Moreover, any doubt as to the legislative intent is removed by Article 7162, V. C. S., which indicates the personalty which shall be listed or rendered by taxpayers for taxation. This article requires that the following items, among others, with their respective values, must be listed:

"Number of carriages, buggies, wagons, automobiles, bicycles, motorcycles, or other vehicles of whatsoever kind."

Section 1 of Article VIII of the Constitution provides:

"Taxation shall be equal and uniform."

It would be a violation of this constitutional provision if sixty per cent of the automobiles and their owners were assessed for taxes by a school district, and the remaining forty per cent were arbitrarily and intentionally not assessed at all. This procedure would be neither equal nor uniform. Our Supreme Court has laid down the rule that "equality of taxation necessarily depends upon uniformity of assessment." Lively v. Missouri & K. T. Ry. Co., 102 Tex. 545, 120 S.W. 852 (1909). Such a procedure would be discriminatory.

In answer to your question No. 2, you are advised that there is nothing in the statutes to support the arbitrary dropping of automobiles from the tax rolls at any age of such car. Automobiles, as other property, are to be taxed according to their value. Age, of course, would be a factor in determining such value. Article 7174, V. C. S., provides:

"Personal property of every description shall be valued at its true and full value in money."

In answer to your question No. 3, you are advised as first stated that there is no law in this State exempting automobiles from taxation. One automobile is exempt to the family under Article 3832, V. C. S., from forced sale, that is, from execution in satisfaction of debts; but this exemption has no reference to taxation. This statute specifically refers to carriages. Our courts, however, have held that an automobile is a carriage within the meaning of this statute. Willis v. Shoelman, 206 S.W.2d 283 (Tex. Civ. App. 1947).

## SUMMARY

Automobiles are subject to ad valorem taxation by school districts as any other item of personal property. The taxing officials of school districts have no authority to assess sixty or any other percentage of the owners of automobiles, and purposely relieve others of assessment. All automobiles that have a value are subject to ad valorem taxation by school districts. There is no statute exempting family automobiles from taxation. Arts. 3832, 7147, 7162, 7297, 7298, V. C. S.; Tex. Const. Art. III, Sec. 55; Art. VIII, Secs. 1, 2; Crabb v. Celeste Independent School District, 105 Tex. 194, 146 S.W. 528 (1912); Blewitt v. Megargel C. L. School District, 285 S.W. 271 (Comm. App. 1926); Lively v. Missouri & K. T. Ry. Co., 102 Tex. 545, 120 S.W. 852 (1909); Willis v. Shoelman, 206 S.W.2d 283 (Tex. Civ. App. 1947).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *L. P. Lollar*

L. P. Lollar
Assistant

LPL/mwb

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL