**HICKMAN et al. v. HICKMAN et al.**
**No. 2771.**

Court of Civil Appeals of Texas. Eastland.
March 17, 1950.

Rehearing Denied April 7, 1950.

566

Mark McGee, Fort Worth, E. M. Davis, Brownwood, for appellants.

Gib Callaway, Brownwood, for appellees.

COLLINGS, Justice.

This appeal is from a judgment setting apart a homestead of 200 acres and certain personal articles as exempt property and directing that $4,945.80 in cash, in lieu of alleged exempt articles which had been sold, and $500 in cash in lieu of exempt articles not on hand, be paid to appellee, Mrs. Hazel Hickman for the use and benefit of herself and minor daughter as the surviving widow and child, respectively, of Hector Hickman, deceased.

Hector Hickman died on November 26, 1948, and left surviving his wife, Hazel Hickman, appellee herein, and Hope Hickman, seven months old daughter. He left a written will by which he devised all his property to three brothers, Roy N. Hickman, I. N. Hickman and Bernal B. Hickman, who were also named independent executors of his will. On January 31, 1949, the County Court of Brown County appointed Bernal B. Hickman and Mrs. Hazel Hickman joint temporary administrators of the estate of Hector Hickman pending proceedings for the probate of the will which proceedings at that time had not been fined. On February 21, 1949, the joint administrators duly filed their inventory and appraisement of said estate and it was on that day approved by the court. On March 7, 1949, the will of Hector Hickman was admitted to probate and on March 14, 1949, Roy N. Hickman, I. N. Hickman and Bernal B. Hickman qualified as executors under the will. The probate of the will was contested in the County Court by Hazel Hickman and her minor child, and an appeal from

such probate was prosecuted by them to the District Court. Thereafter, on April 22, 1949, Mrs. Hazel Hickman, for herself individually and as next friend for her minor daughter, Hope Hickman, filed in the administration proceedings pending in the County Court, her application to have set aside to them the 200 acre homestead and "all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the State of Texas." Appellants' motion to dismiss this application for want of jurisdiction was sustained in the County Court and Mrs. Hazel Hickman and minor child appealed to the District Court. A hearing on the application was had in the District Court and on May 17, 1949, judgment was entered setting apart for the use and benefit of Hazel Hickman and her minor daughter, Hope Hickman, a homestead of 200 acres and certain described articles of personal property as exempt property and directing that there should also be set apart for their use and benefit the sum of $4,945.80 in lieu of exempt articles which had been sold and $500 in cash in lieu of exempt articles not on hand. From such judgment Roy N. Hickman, I. N. Hickman and Bernal B. Hickman bring this appeal.

■ No appeal bond was filed by appellants and appellees contend that the appeal should, therefore, be dismissed. We can agree with this contention only in part. Article 2276, R.C.S. provides that "Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity." Appellants answered and contested the application of Hazel Hickman and minor daughter to set aside the exempt property and the money in lieu thereof both in their capacity as individuals and as executors of the will of Hector Hickman. As executors of such will, they were entitled under the terms of Article 2276, supra, to appeal without giving bond. The notice of appeal does not indicate the capacity in which the appeal is taken, except to say that "contestants * * * excepted and gave notice of appeal." It will be presumed that the notice of appeal was in the same capacity as their appearance and the capacity in which judgment was taken against them, that is, individually and as executors. Insofar as the appeal is in the individual capacity of appellants, it is dismissed, but insofar as it is in their capacity as executors, the motion to dismiss is overruled. Erwin v. Erwin, Tex. Civ.App., 61 S.W. 159; Casey v. Texarkana & Ft. S. R. Co., Tex.Civ.App., 151 S.W. 856.

■ Appellants complain in several points of the trial court's action in directing that the $4,945.80 in money derived from the sale of articles claimed as exempt under Article 3832 and 3485, R.C.S., Vernon's Ann.Civ.St. arts. 3832, 3485, be paid to appellee, Mrs. Hazel Hickman, for the use and benefit of herself and minor daughter, Hope Hickman. The first objection to such action of the court is that the sale of such articles was voluntary on the part of Mrs. Hickman and that the proceeds therefrom, under the circumstances, do not constitute exempt property. Bearing upon the sale of the property in question, the following testimony was given: " * * * it was agreed that the money received for the property would take the place of and be in lieu of the items sold, and it would be without prejudice to the rights of anybody concerned." If the above testimony is accepted as true, and in support of the judgment we are obliged to do so, there was an agreement between the interested parties that the money received from the sale of the property would occupy the same position and have the same status as the property itself before the sale. There is no reason why this agreement, as between the parties, should not be binding. We overrule the contention that the exempt property lost its status as between the parties to said agreement by reason of such sale.

■ It is urged by appellants that Article 3487, R.C.S. limits the allowance for exempt property to $500 and that Mrs. Hickman and her daughter have received credit for this amount by another provision of the judgment. As above indicated, the agreement of the parties was that the proceeds from the sale of such exempt property would occupy the same status as the

property itself. Such agreement and the exempt status of the articles sold is the basis for the $4,945.80 payment to Mrs. Hickman. The payment is separate and distinct from the $500 allowance under Articles 3486–87, R.C.S. for exempt articles not on hand and is not limited thereby.

Appellants further contend that if it be granted that it was proper to substitute the $4,945.80 for the exempt articles, the surviving widow and minor child are entitled only to the use and benefit thereof and the use of the money should have been limited to the lifetime of Mrs. Hickman and/or the lifetime or minority of the daughter, and that security should have been required to assure the ultimate payment of the funds to the heirs or legatees. No such limitation on the use of the exempt property is imposed by the statute. Since the $4,945.80, by agreement, takes the place of and has the same status of such property, it is likewise free from such limitations. Pace v. Eoff, Tex.Com.App., 48 S.W.2d 956; Green et al. v. Raymond et al., 58 Tex. 80, 44 Am.Rep. 601.

In other points appellants attack the action of the trial court in holding certain articles to be exempt under the terms of Article 3832, supra, and in setting apart such articles for the use and benefit of Mrs. Hickman and her minor daughter as provided by Article 3485, supra.

Appellants contend that the court erred in awarding to appellees two diamond rings as exempt articles of wearing apparel under Subdivision 17 of Article 3832. The evidence indicated that the two rings were bought by Hector Hickman and worn by him as personal ornaments from time to time. This evidence, in our opinion, supports the judgment of the trial court in awarding the rings to appellees as exempt wearing apparel. First Nat. Bank of Eagle Lake v. Robinson, Tex.Civ.App., 124 S.W. 177.

Contrary to appellants' contention, it is our opinion that the court did not err in awarding the oats to appellees as forage on hand for home consumption under the terms of Subdivision 15 of Article 3832. The inventory listed the oats as "one bin oats est. 8 x 8 x 4 ...... $200.00," and Mrs. Hickman testified that the oats were used for feeding the livestock.

There is no testimony concerning the maize and barley. There was an agreement to the effect that these articles had been sold but there is no evidence showing that they were on hand for home consumption as required by the statute. We hold that the maize and barley were not shown to be exempt property. 18 Tex.Jur. page 832; Burris v. Booth, Tex.Civ.App., 40 S.W. 186.

By the terms of Subdivision 4 of Article 3832, all implements of husbandry are reserved to a family as exempt property. The trial court awarded numerous articles to appellees as exempt under such subdivision and appellants contend that certain of these articles, to-wit: a combine, beehives, a new windmill not erected or in use, and three new gates with metal braces which were likewise not in use, were not exempt and that the court in awarding them to appellees. The evidence shows that the combine and the beehives were used in connection with the farm and ranch operation. We hold that they were properly found by the court to be exempt. There is no evidence, however, indicating that the new windmill and three gates were so used or intended to be used. On the contrary, the evidence shows that the windmill and the gates were brought and kept on the place with the intention of attaching them to the realty. There is no provision of the statute by which property owned and held for such purpose is exempt. It could become exempt only when actually attached to realty which occupies the status of a homestead. We hold that the windmill and gates were not exempt property and should not have been awarded to appellees.

Appellants further contend that the court erred in awarding a 1946 International pick-up, a two-wheel trailer and a four-wheel trailer to appellees as exempt property. The judgment of the court indicates that the trailers were exempt as implements of husbandry under Subdivision 4 of the statute in question. The evidence

shows that the two trailers were used for transporting hogs, goats or other stock to market or from one place to another or "in general hauling about the place or anything you wanted to use it for. A trailer as ordinarily used has the status of a vehicle, although the manner of its use may attach to it a different status. Clark v. Vitz, Tex. Civ.App., 190 S.W.2d 736, Writ Ref. We doubt if the evidence concerning the use of these trailers would support a finding that their status was other than as vehicles. Subdivision 9 of Article 3832 provides that two horses and one wagon are reserved to a family exempt from forced sale. The evidence shows that Hector Hickman owned two horses and the court awarded these to appellees as exempt, but he did not own a wagon. It has been held that one truck and a trailer are exempt from forced sale under this subdivision. McMillan v. Dean, Tex.Civ.App., 174 S.W.2d 737. We see no reason why a trailer should not also be exempt as a part of a hauling unit composed of a team of horses and a wagon. The fact that the wagon as a part of the unit is not on hand is immaterial. Since the trailers were of different types, adopted to different needs for which the transportation unit might be used, we hold that both are exempt as a part of such unit.

Subdivision 10 of the statute provides for the exemption of a buggy or carriage. Hector Hickman did not own a buggy or carriage. The record indicates that appellees claimed the 1946 International pick-up as an implement of husbandry and also as a carriage. We do not think that it can be held exempt as an implement of husbandry. McMillan v. Dean, supra. Appellees did have the right to designate an automobile as exempt under Subdivision 10. Hammond v. Pickett, Tex. Civ.App., 158 S.W. 174; Stichter v. Southwest Nat. Bank, Tex.Civ.App., 258 S.W. 223; Peevehouse v. Smith, Tex.Civ.App., 152 S.W. 1196; Laning v. Langford Inv. Co., Tex.Civ.App., 36 S.W.2d 1079, and Willis v. Schoelman, Tex.Civ.App., 206 S.W.2d 283. Although the pick-up may, on occasion, be used for transportation or hauling purposes, in our opinion, it may be considered as an automobile and appellees had the right to designate it as such.

The maize and barley which we hold to have been improperly found as exempt articles by the trial court show in the court's judgment to have been sold for $44.10 and $14.70 respectively, or a total of $58.80, which is included in the $4,945.80 in cash awarded to appellees in lieu of exempt articles which had been sold.

The judgment of the trial court is reformed in that the portion thereof which directs the payment to appellees of the amount of $58.80 in lieu of the maize and barley which have been sold, and which sets apart to the use and benefit of appellees the new windmill and the three gates with metal braces is set aside and held of no further force and effect, and the judgment as so reformed is in all things affirmed and costs herein are adjudged against appellants.