G. L. SHANNON, Guardian, Appellant,

v.

George L. SHANNON, as Next Friend, Etc., Appellee.

No. 14885.

Court of Civil Appeals of Texas.

Houston.

Sept. 22, 1966.

Rehearing Denied Oct. 13, 1966.

Herman W. Mead, Houston, for appellant.

Hofheinz & James, Carl Hendrix, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment denying appellant a temporary injunction. Appellant's petition for the injunction was by way of a cross-action asserted against George L. Shannon who had instituted suit as next friend for his mother, Madge Irene Shannon, a person who was mentally incapable of taking care of her affairs, against G. L. Shannon and others.

There is no statement of facts. It is agreed by the pleadings and briefs of both parties that appellant G. L. Shannon, the husband of Madge Irene Shannon, has been appointed by the Probate Court of Harris County as guardian of her estate.

There is nothing, however, to show whether the guardianship encompassed any of the ward's share of the community estate or merely her separate property.

In the Second Amended Original Petition George L. Shannon as next friend for Madge Irene Shannon an incompetent sued G. L. Shannon, Cecile Ruby, Howell Evans, a real estate agent, and two banks. The appellant Shannon is not named as defendant in his capacity as guardian. However, one paragraph reflects that appellant has been appointed guardian by the Probate Court of Harris County, but it is asserted that he, as guardian, because of the nature of this proceeding, is disqualified from representing her. The substantive allegations assert that there is community· property of G. L. Shannon and his wife in possession of G. L. Shannon that G. L. Shannon is wrongfully dissipating. It is alleged to consist of specified real estate, bank accounts and personal property. It is asserted it is unnecessary to dispose of any of the property. Too, it is alleged appellant and Cecile Ruby have in their possession certain separate property of Mrs. Shannon.

While the above is a very brief statement, it suffices to show that the main suit was one by a next friend for an incompetent, who has a duly appointed guardian who has jurisdiction as to the incompetent's separate property, the next friend seeking for the incompetent to protect her share of the community estate, which is not shown to be the subject of the guardianship, from being wrongfully dissipated by the husband.

The prayer of the petition is in substance that G. L. Shannon and Cecile Ruby be required to file an inventory of the community property and Mrs. Shannon's separate property in their possession and that they be enjoined from disposing of any such property or encumbering it. Too, an injunction is sought to prevent withdrawal of funds from any bank accounts. Further a determination is sought as to the rights of Mrs. Shannon in and to her community

and separate funds in the possession of the defendants. Also support for Mrs. Shannon is sought from G. L. Shannon, such support to be made a charge against the community property.

We are not certain, but as we interpret the petition it is not a suit against G. L. Shannon in his capacity as guardian but is against him in his individual capacity and seeks to affect, at least as to community property, property not affected by the guardianship.

To this petition G. L. Shannon first filed a plea to the jurisdiction on the grounds that he was the legally appointed guardian and the matters complained of were within the exclusive jurisdiction of the Probate Court. This plea to the jurisdiction was overruled. G. L. Shannon, subject to his plea to the jurisdiction, filed his cross-action, suing both in his individual and fiduciary capacities. In it he questioned any right of George L. Shannon to maintain the suit asserting he had no justiciable interest and had no authority to represent Mrs. Shannon. He alleges he is the duly appointed guardian for Mrs. Shannon. He alleges the effect of George L. Shannon's suit is to prevent him from meeting his obligations to care for Mrs. Shannon; and that making the banks parties to the suit has deprived him of the use of his own funds all of which is community property of himself and Mrs. Shannon. Then it is alleged that all cash on hand and in the bank accounts is community property and he is entitled to use at least his one-half thereof. Then it is alleged that to take care of his wife it became necessary to sell certain specified real estate and that the Probate Court had ordered and confirmed the sale. There is no allegation from which we can draw the inference that the community estate was placed under the guardianship. Also it was alleged that George L. Shannon had physically mistreated appellant and appellant was in fear of him. Prayer was in substance that George L. Shannon be enjoined temporarily and ultimately permanently from interfering with appellant's handling of the bank accounts, appellant's one-half of the community, from interfering with appellant's care of Mrs. Shannon, and from interfering with the sale of the real estate which had been authorized by the Probate Court.

From the action of the trial court in denying the temporary injunction appellant gave notice of appeal both in his individual and fiduciary capacities.

Appellant has filed no bond, contending such is not required by reason of the provisions of Article 2276, Vernon's Ann.Tex. Civ.St. Appellee has filed a motion to dismiss the appeal because there is no bond, taking the position that appellant appeals in his individual capacity because he sued in his cross-action individually and as guardian but that he is disqualified in the suit filed and in the cross-action from representing the ward because their interests in the matters involved are antagonistic. Appellee says the matters involved personally concern appellant.

■ Appellant in his cross-action sued for an injunction both in his individual capacity and in his capacity as guardian. He gave notice of appeal from the judgment denying the injunction in both capacities. In so far as he complains in his individual capacity his appeal is dismissed because he filed no appeal bond. In so far as he appeals in his capacity as guardian he was not required by Article 2276, V.A. T.S. to file an appeal bond and the motion to dismiss this phase of the appeal is refused. Hickman v. Hickman, 228 S.W.2d 565 (Tex.Civ.App.), aff'd 149 Tex. 439, 234 S.W.2d 410.

■ In brief and argument here the only point of error asserts the District Court had no jurisdiction but since G. L. Shannon had been appointed guardian of the estate of Mrs. Shannon, an incompetent, the Probate Court has exclusive jurisdiction. Under such point the argument in the brief and on oral presentation to this Court shows that appellant is in fact attacking

the action of the trial court in overruling his plea to the jurisdiction over the cause of action set out in George L. Shannon's Second Amended Original Petition. An order overruling a plea to the jurisdiction is interlocutory and therefore not appealable, there being no statute or rule authorizing an appeal. Carpenter Body Works, Inc. v. McCulley et al., 389 S.W.2d 331 (Tex.Civ. App.), writ ref.

There is no point of error that the trial court erred in denying the temporary injunction. Even if there were we could not reverse because there is no statement of facts. The judgment recites evidence was heard. We must presume therefore that there was evidence supporting the judgment denying the injunction prayed for by appellant in his cross-action.

In so far as appellant appeals in his individual capacity his appeal is dismissed.

In so far as the judgment is against him in his representative capacity denying the temporary injunction it is affirmed.