**Joe Ray BLALACK, Co-Independent Executor of the Estate of Joe Blalack, Deceased, Appellant,**

v.

**Blllle BLALACK, Appellee.**

**No. 7855.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 19, 1967.

Rehearing Denied Oct. 10, 1967.

Gerald H. Fortney, Houston, L. F. Burke, Longview, for appellant.

Earl Sharp, R. L. Whitehead, Longview, for appellee.

DAVIS, Justice.

An administration proceeding. Joe Blalack is deceased. Petitioner-appellee, Billie Blalack (surviving wife of Joe Blalack) was appointed as Co-Independent Executrix of his estate, and respondent-appellant was appointed Co-Independent Executor of his estate. Appellee filed a motion in the County Court of Gregg County seeking the removal of appellant as Co-Independent Executor, and in the alternative to require appellant to make a bond in the amount of $200,000.00. Appellant filed a motion to require appellee to give a bond.

A hearing was had in the County Court and appellant was required as "Co-Independent Executor" to give a bond in the penal sum of $50,000.00, and ordered appellee, as "Co-Independent Executrix" to give a bond in the penal sum of $10,000.00. Appellant and appellee both excepted to this

judgment and gave notice of appeal to the District Court of Gregg County, Texas.

After the proceeding had been transferred to the District Court, appellee filed a plea to the jurisdiction of the court in which she contends that appellant is appealing in his individual capacity. The plea was heard on March 16, 1967. Appellee contended in the District Court that the notice of appeal that was given in the County Court was given in appellant's individual capacity, and not in a Fiduciary capacity as Co-Independent Executor of the Estate of Joe Blalack, Deceased. The District Court sustained the plea to the jurisdiction and dismissed the appeal on March 28, 1967. Appellant has perfected his appeal and brings forward three points of error.

, By his points 1 and 2, appellant says the trial court erred in dismissing his appeal because he gave notice of appeal from the order entered in the County Court, and that no appeal bond was required.

Appellee admits in her brief:

"Only in that capacity, of Co-Executor, was a judgment rendered against him;" (appellant).

Appellee further admits:

"We have been unable to find any cases in point, * * *".

The only order entered against appellant by the County Court was entered against him in his Fiduciary capacity as Co-Independent Executor of the Estate of Joe Blalack, Deceased; not against him in any individual capacity. Appellant excepted to the order entered against him in the Fiduciary capacity as Co-Independent Executor of the Estate of Joe Blalack, Deceased, and gave notice of appeal. It was not necessary for the attorney representing appellant to use the words that he was "excepting to the order and giving notice of appeal to the District Court as Co-Independent Executor of the Estate of Joe Blalack, Deceased".

There was no order or judgment entered against appellant as an individual. The notice of appeal, as given, was sufficient. Therefore, there was no need for appellant to file an appeal bond. Art. 2276, Vernon's Ann.Civ.St., and the cases cited thereunder. Joe Blalack, deceased, provided in his will that no bond shall be required of the Co-Independent Executrix and/or the Co-Independent Executor. The will had already been probated and they were so appointed. Art. 149 Tex. Probate Code, V.A.T.S., and the cases cited thereunder.

The appellant was not required to file an appeal bond to perfect his appeal to the District Court. The District Court was in error in sustaining the plea to the jurisdiction of the court and dismissing the appeal. 3 Tex.Jur.2d, 560, Sec. 306; 4A C.J.S. Appeal & Error § 513, p. 214. See also, Shannon v. Shannon, Tex.Civ.App., 1966, 406 S.W.2d 786, W.R.,N.R.E. The points are sustained.

Appellants point three is without any merit and is overruled.

The judgment of the trial court is set aside and the case is reinstated for a trial upon its merits, according to the pleading, and not inconsistent with this opinion.