James A. STEPHENSON, Appellant,

v.

A.D. WIXOM, Appellee.

No. 2–86–138–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1987.

---

1. We note that although Harvey owned the majority of Lakeside stock, two other shareholders each owned one share apiece.

Auld, Koenig, Stephenson & Mansfield and Bruce Auld, Bedford, for appellant.

A.D. Wixom, pro se.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This case involves the determination of whether appellee's vehicle is a "camper truck" exempt from execution. *See* TEX. PROP.CODE ANN. sec. 42.002 (Vernon 1984). In an earlier suit appellant obtained a judgment against appellee for damages of $15,500.00. The judgment was unpaid, and writ of execution was obtained by appellant and levied by a Tarrant County Sheriff's deputy against a vehicle (Defendant's Exhibit four) belonging to appellee. Appellee brought suit against the Sheriff's Department and the deputy seeking a declaratory judgment that the vehicle was exempt as a "camper truck." Appellant intervened. After a trial before the court, judgment was entered declaring the vehicle a camper truck, exempt from execution, and ordering that appellee recover from appellant storage fees of $2,244.00 plus $10.00 per day until paid for the storage of the vehicle during the pendency of the controversy.

We affirm that part of the judgment declaring the vehicle to be a camper truck and reform the judgment to delete the award of storage fees.

Appellant's first point of error is that "the court erred in ruling that the vehicle is exempt from forced sale because it is against the great weight and preponderance of the evidence and error as a matter of law." We construe the point of error to be a challenge to the factual and legal sufficiency of the evidence. Since the record does not contain findings of fact or conclusions of law, the judgment of the trial court shall imply all necessary find-

ings of fact in support thereof. *See In the Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984).

There was no material disagreement as to the physical description of appellee's vehicle. It is a Chevrolet chassis upon which a self-contained unit has been welded. The overall length of the vehicle is 23′. It contains bunk beds. The Chevrolet chassis was manufactured by General Motors and delivered to another manufacturer who attached the remainder of the unit. Although there was some disagreement in the testimony of whether the attached unit could be removed from the Chevrolet chassis without destroying the vehicle, it is agreed that the unit was welded to the chassis and was intended to be permanently attached.

In challenging the court's determination that the vehicle is a camper truck, appellant contends that the vehicle is, in fact, a motor home rather than a camper truck. Appellant asserts that the factor distinguishing a motor home from a camper truck is that the "camper" unit of a camper truck is removable from a camper truck but is permanently affixed to a motor home.

In support of his contention, appellant produced the expert testimony of a witness who was involved in the recreational vehicle industry. Appellant's expert testified that the term "camper trucks" is a misnomer and that a truck and camper would be a more correct term. The witness described a truck and camper as being "a pickup truck that has a ... detachable living quarters put in the bed of it." The witness identified appellee's vehicle as a motor home used primarily for recreational purposes rather than general transportation.

█ The definition of "camper truck" involves a legal question not answered by section 42.002 of the Texas Property Code. In attempting to define a camper truck, consistent with legislative intent, we shall be governed by the rules of construction which have guided the courts of this state

in other cases involving definitions of classes of exempt personal property. Exemptions statutes have been traditionally construed liberally by our courts. *See Cobbs v. Coleman,* 14 Tex. 594 (1855); *Hickman v. Hickman,* 149 Tex. 439, 234 S.W.2d 410 (1950). They are never restricted in their meaning and effect so as to minimize their operation upon the beneficient objects of the statutes, and questions regarding the extent of exemptions are generally resolved in favor of the one claiming exemption. *Id.,* 234 S.W.2d at 413. *Carson v. McFarland,* 206 S.W.2d 130, 132 (Tex.Civ.App.—San Antonio 1947, writ ref'd). Most terms defining classes of exempt personal property have provided little difficulty in application, e.g., mules, saddles and bridles, goats, chickens, turkeys, ducks and guineas. Historically, the class of exempt personal property most often requiring a judicial definition is probably that of "carriage or buggy" contained in former TEX.REV.CIV.STAT.ANN. art. 3832.[1] *See Hickman,* 234 S.W.2d at 414; *Willis v. Schoelman,* 206 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1947, no writ). In *Willis,* "carriage" was defined as a generic term indicating use or purpose intended rather than particular characteristics of the vehicle. *Willis,* 206 S.W.2d at 284. The word "carriage" was held to include an automobile. *Id.* Similarly, we believe that the term "camper truck" as used in the present statute is a generic term intended to indicate the use or purpose of the vehicle, and we reject the attempt of the appellant to limit its definition to that commonly used within any particular industry.

█ We also reject appellant's argument that the purpose of the exemption statute is to protect only utilitarian vehicles and that the exemption statute should not protect the appellee's vehicle because it is a "luxury vehicle." Appellant cites no authority in support of this argument. A similar argument was rejected by the Supreme Court which held that diamond rings could be exempt property under the class of "wearing apparel." *Hickman,* 234

1. Property Exempt To Family, article 3832, Revised Civil Statutes of Texas, 1925; *repealed by*

Acts 1973, 63rd Leg., p. 1629, ch. 588, sec. 4, eff. Jan. 1, 1974.

S.W.2d at 414. We find that appellee's vehicle was designed to be used as a recreational vehicle and because of its intended purpose, we hold that it is a camper truck, exempt from execution. Appellant's first point of error is overruled.

■ We sustain appellant's second point of error complaining of that part of the judgment of the trial court granting appellee recovery of storage fees of $2,244.00, plus $10.00 per day, "during the pendency of this controversy." The record contains no pleadings or evidence of storage fees. Therefore, the issue of storage fees was not properly before the trial court.

We affirm that part of the judgment declaring the vehicle to be a camper truck and reform the judgment to delete the award of storage fees to appellee.

DEFENDANT'S EXHIBIT NO. 4